OPINION OF THE COURT
George J. Balbach, J.
Defendant seeks adjournment of trial due to ill health. The District Attorney cross-moves to allow this defendant to participate in his trial through the medium of video equipment, located in his home or hospital.
A summary of the first branch follows:
Dr. William A. Peters, defendant’s physician, testified that his patient underwent a serious heart operation in May, 1974 for the replacement of arteries. He had additional recatherization in November, 1974 but his condition was not improved by surgery. Defendant presently suffers from extensive blockage in all three major coronary arteries and only one is now *814 functioning. In his doctor's opinion, a trial at this time would place him under severe stress and might prove fatal.
Dr. Myer Texon, testifying for the People, agreed that defendant was presently suffering from an arteriosclerotic heart disease, coronary sclerosis and angina pectoris. This physician, however, believed that there was not enough medical evidence to justify a belief that the stress of a trial would induce myocardial infarction or unduly aggravate his condition. His opinion was that the defendant could presently participate in a court proceeding without significant hazard to life or health.
In support of the cross motion, the People presented Philips Balastro, an expert in the field of audio-visual systems. He indicated that it was feasible to set up a remote control and pickup equipment. It was estimated that the cost of such coverage would be $15,000, plus additional sums for audio setup.
Harold Ryder, a T.V. consultant, testified for the defendant. He stated that any video tape of a trial would be an edited version of what is happening in the courtroom because the person utilizing the equipment would effectively determine what is going into the video tape. Only one camera at a time would be used. In his opinion, there would not be a true record of what would be happening in the courtroom.
The court denied the first branch of the motion concluding the defendant’s physical condition did not render him unfit to stand trial.
The cross motion next presented is a novel one. The District Attorney maintains that under the unique circumstances of this case which include over a three-year delay, 50 adjournments and the uncertain health of this defendant, any further delay would be against the interests of justice. He seeks now to utilize video equipment and permit the accused to participate in his trial in the privacy of hospital or home. The defendant objects strenuously to a trial under these circumstances.
In considering this application, this court is made uncomfortably aware of the fact that the Twenty-First Century is rapidly approaching and that the issue of video tape will grow increasingly important in the daily workings of the court. The accuracy and efficiency of this process clearly proclaim its future value. However, any new technological advance of this *815 nature must be weighed against the possible harm that might occur to a defendant.
Reviewing the law in this area, the court has not been able to find any reported cases dealing with the precise issue now raised, namely, may electronic representation be substituted for a defendant’s own personal appearance in a trial courtroom? The area of video-taping law is still in its infancy. The Supreme Court first considered the video-taping question in Estes v Texas (381 US 532), when that body had to determine the legality of televising a public trial.
It ruled that the potential prejudice to a defendant by virtue of public television was so great as to deny him due process. Unfortunately, this holding provides no guidelines in the present instance since the proposed use of television would be only for private purposes and not for the public. More recent New York cases, in considering this area, have found no barrier to utilizing the video-tape process for limited purposes. Thus, in People v Higgins (89 Misc 2d 913), the court directed a video tape of defendant’s confession to be admitted into evidence. A similar case was People v Aponte (NYLJ, Sept. 2, 1976, p 7, col 1), where the court allowed the testimony of the complainant to be videotaped since he was leaving the country. Other cases in the civil field have permitted taping of testimony for the purposes of deposition. (See Bichler v Lilly & Co., 50 AD2d 90, and Rubino v Searle & Co., 73 Misc 2d 447.) However, in considering the above-cited cases, it must be noted that they all uniformly permitted only a limited use of video-tape recording and such use was more of an evidentiary nature than anything else. These cases did not touch the question here raised, namely, the right of a defendant to a fair trial.
The District Attorney now maintains that the use of a single television camera, in conjunction with a telephone, would permit the defendant to observe testimony of witnesses, communicate with his attorney, and follow the rulings of the court. By utilizing video tape, the District Attorney contends that the defendant would be spared the physical rigors of a trial and would be granted all the benefits that his physical presence would enjoy were he present in the courtroom.
This court, after weighing that argument, believes that the limited use of a television camera would not grant the defendant all the benefits that his actual presence would insure. Clearly, if one is present in a courtroom, he is able to observe *816 all the proceedings, including the demeanor of the jurors and witnesses, view evidentiary exhibits, and even take part in sidebar colloquies. The District Attorney’s proposed procedure, while it might allow the defendant, in a narrative sense, to understand what is happening, would still leave him, in many respects, a spectator at his own trial. The confrontation clause of the Constitution grants an accused, not only the right to participate at trial but the "right to be present in the courtroom at every stage of his trial.” (Illinois v Allen, 397 US 337, 338.) This presence permits a defendant the right to assume an active role in the courtroom, and to experience the trial atmosphere, participating fully in the proceedings against him. Such an active role is absolutely necessary since it enables a defendant to ultimately make judgments vitally important to his own future; judgments which he alone can make.
Based on the above, it is this court’s opinion that the limited use of a television camera, devoted to only one aspect of a trial at a time, operated by an untrained and unsworn, nonlegal technician, would violate the rights guaranteed by the Sixth and Fourteenth Amendments to our Constitution.
Further, it must be pointed out, that CPL 260.20 clearly denies the District Attorney the relief that he now seeks since this statute maintains that "[a] defendant must be personally present during the trial of an indictment”. Granted, that while a defendant has the right to waive such personal presence by his disruptive behavior or deliberate absence (Illinois v Allen, supra; People v Epps, 37 NY2d 343), such is not the case here.
Therefore, based on the above reasoning, this court will not grant the cross relief of trial by television. Nor, as pointed out in the first part of the decision, will it grant the defendant’s request for any further adjournments. The application and cross motion are denied.