■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD FREEMAN, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered May 12, 1977, convicting him of criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. Defendant and three others were indicted for criminal possession of a weapon in the third degree (two counts) and unauthorized use of a vehicle. On March 14, 1977 defendant's case was severed from the other three. The jury selection was completed on March 21, 1977 and the matter was adjourned to April 12 and then again to April 14, 1977. On April 12, 1977 defendant appeared in court and all parties were alerted to the fact that April 14, 1977 was a firm trial date. On April 14, 1977 defendant did not appear in court. The attorney assigned to defendant for consultation—who had been discharged by the defendant, as were two other attorneys—advised the court that his former client had medical priorities and had gone to Bellevue Hospital for treatment. The court clerk, by a telephone call to the Department of Corrections, confirmed that defendant had an appointment to have two fractured fingers X-rayed due to an occurrence a month before and that defendant would not appear until after he had received medical assistance. The Assistant District Attorney admitted that "someone [made] an appointment with [defendant] to see a doctor on the very day" the trial was to proceed. After noting that defendant had been in court on April 12, 1977 and had said nothing about seeing a physician, the court stated that it "is going to proceed with the matter in the absence of the defendant." The jurors were held until 12:00 noon. In response to a request from the attorney assigned to defendant that the court direct defendant to be produced, the case was adjourned until 2:00 P.M. The court stated, "I don't care what he is scheduled for. Get Correction[s] to bring him back here at two o'clock." At two o'clock, the clerk advised the court that defendant refused to appear until medical attention was given to him, but that he would appear the following day. Again the court directed the trial to proceed without defendant. The trial court, with the following statement, advised the jurors that defendant was not present: "The defendant has chosen not be be here today and I assigned another counsel, as I indicated to you. His counsel is sitting in the first row to observe what is going on and he can report to the defendant, if the defendant chooses to talk to him." The

People's witnesses testified at the trial, but without cross-examination by anyone on behalf of defendant. On April 15, 1977 defendant appeared in court and explained that his medical appointment had been made several weeks prior to April 14 and that he did not want to forego the appointment because of great pain. The court asked defendant if he wished to proceed, but defendant indicated that he could not because he had not heard the evidence presented the prior day. The jury retired and returned a guilty verdict. In our view, the interests of justice require a new trial. By our determination, we do not mean to condone or excuse defendant's failure to advise the court on April 12, 1977 about his physical examination which was scheduled two days later. We are also aware that in certain situations a defendant may waive his right to be present at his own trial (People v Byrnes, 33 NY2d 343; People v Epps, 37 NY2d 343). However, those cases are totally inapposite to the case at bar. It must be noted that defendant had an authentic medical problem, which had been verified upon inquiry from the court. Defendant did not issue a blanket refusal to come to court but, in effect, merely asked for a continuance from 2:00 P.M. to the following day. Under the circumstances, it is our view that the trial court abused its discretion in proceeding to trial in the absence of the defendant. Accordingly, a new trial is required. Mollen, P. J., Hopkins, Suozzi, Shapiro and O'Connor, JJ., concur.