OPINION OF THE COURT
Gerard E. Delaney, J.
The defendant has been indicted for the crimes of rape in the first degree (Penal Law, § 130.35), sexual abuse in the first degree (Penal Law, § 130.65) and criminal possession of a weapon in the fourth degree (Penal Law, § 265.01). He seeks omnibus relief, inter alia, suppression of identification testimony. It is the decision of this court that under Manson v Brathwaite (432 US 98), Neil v Biggers (409 US 188) and recent New York case law (infra), an improper "civilian” identification process, conducted by nonlaw enforcement personnel may, in a proper case, constitute a "grounds” for *172 suppression of such evidence under CPL 710.20 (subd 5) and 710.60.
SUPPRESSION OF IDENTIFICATION TESTIMONY
The victim was allegedly raped by defendant, who was then caught near the scene of the crime by the victim’s nonlaw enforcement friends, "restrained [by them] and brought to the * * * police.” Defendant states the "friends” had "confronted the defendant and accused him of the crime” and that such "mob accusation * * * seriously affects the validity of any subsequent identification.”
The People have "noticed” this as the only "in-person identification” which occurred "subsequent to the commission of the crime[s] at or near the scene, without a lineup, on or about June 22, 1978.”
Identification testimony may be suppressed (CPL 710.60), if it: "[c]onsists of potential testimony regarding an observation of the defendant either at the time or place of the commission of the offense or upon some other occasion relevent to the case, which potential testimony could not be admissible upon the prospective trial of such charge owing to an improperly made previous identification of the defendant by the prospective witness.” (CPL 710.20, subd 5.)
It is tempting in a situation such as this to deny defendant’s motion outright on the basis that "civilian” induced identifications, suggestive or not, cannot give rise to an "improperly made previous identification” so as to constitute a "ground” to dismiss under CPL 710.60. Such a decision, however, would be one of first impression, utilizing the "police deterrent” rationale of the exclusionary rule enunciated in Mapp v Ohio (367 US 643) and implicit in United States v Wade (388 US 218) as the sine qua non of reliable identification evidence. (Cf. People v Calinda, 83 Misc 2d 520.)
A substantial rethinking of the identification issue has occurred in our legal system since the time of Wade (1967). (See, generally, Manson v Brathwaite, 432 US 98 [1977], supra; Neil v Biggers, 409 US 188 [1972], supra; Simmons v United States, 390 US 377 [1968]; see, also, People v Prezioso, Index No. 77-00766-01, Westchester County Ct, April 19, 1978, Delaney, J. [wherein this court compiled Federal and New York law on identification prior to and following Biggers]; Pulaski, Neil v Biggers: The Supreme Court Dismantles the *173 Wade Trilogy’s Due Process Protection, 26 Stan L Rev 1097; Grano, Kirby, Biggers and Ash: Do Any Constitutional Safeguards Remain Against the Dangers of Convicting the Innocent?, 72 Mich L Rev 719.)
It is true that "the exclusionary rules [of Wade and Stovall (Stovall v Denno, 388 US 293)] were fashioned to deter improper conduct on the part of law enforcement officials which might lead to mistaken identifications”. (People v Logan, 25 NY2d 184, 193; emphasis added.) However, the decisions post-Simmons indicate that the protection of due process is one against unreliable evidence rather than one as a bar to the use of unreliable procedures. "Unlike a warrantless search, a suggestive preindictment identification procedure does not in itself intrude upon a constitutionally protected interest. Thus, considerations urging the exclusion of evidence deriving from a constitutional violation do not bear on the instant problem.” (Manson v Braithwaite, supra, p 113, n 13; emphasis added.) Indeed, one of the common justifications utilized for police-arranged "showups” occurring shortly after a crime has taken place, at or near the scene, is that since there is such a short delay factor, the identification by a witness/victim is apt to be more reliable. (See People v Smith, 38 NY2d 882; People v Blake, 35 NY2d 331, 337.)
Though speaking in the context of a poZ/ce-arranged viewing, the Blake court stated (p 340): "[I]t is still good law that any improperly suggestive viewing at any time may constitute a violation of due process of law”. (Emphasis added.) With the concept of "independent source” well established in both Federal and New York law (see People v Ballott, 20 NY2d 600; Logan 25 NY2d 184, supra; People v Rahming, 26 NY2d 411; People v Gonzalez, 27 NY2d 53; People v Bennett, 30 NY2d 283; Matter of James H., 34 NY2d 814; People v Cobenais, 39 NY2d 968) it is a fair statement to say that the concept of per se suggestiveness which in and of itself would bar forevermore the use of in-court identification by a witness is not, and has never been the law in this State. (See Wade [at p 241] for factors to consider under what Stovall [at p 302] had termed the "totality of the circumstances” test; see, also, Biggers [at p 198].) New York courts in effect adopted a quasi per se approach by allowing in-court identification if independant source was shown, while barring use of the "per se suggestive” confrontation on the People’s case. (See CPL 60.30.) The "on-the-scene showup” concept of People v Blake *174 (supra), is apparently an exception to this rule. If such a confrontation is thus deemed "under circumstances consistent with such rights as an accused person may derive under the constitution of this state or of the United States,” it should be admissible at trial. (See CPL 60.30.)
The central question is "whether under the 'totality of the circumstances’ the identification was reliable even though the confrontation procedure was suggestive” (Neil v Biggers, 409 US 188, 199, supra; emphasis added) i.e., "the admission of testimony concerning a suggestive and unnecessary identification procedure does not violate due process so long as the identification possesses sufficient aspects of reliability.” (Manson v Brathwaite, 432 US 98, 106, supra.)
"The driving force behind * * * Wade * * * and * * * Stovall * * * was the * * * concern with the problems of eyewitness identification.” (Brathwaite, supra, at pp 111-112; emphasis added.) Secondary factors included police deterrence and the administration of justice. "The standard, after all, is that of fairness as required by the Due Process Clause of the Fourteenth Amendment * * * Stovall * * * and Biggers * * * did not * * * establish a strict exclusionary rule or new standard of due process. [What they did do was to protect an] 'evidentiary interest * * * in our adversary system.’ ” (Brathwaite, supra, at p 113; NY Const, art I, § 6.)
It can hardly be said that the grave likelihood of possible misidentification is any less likely when such a suggestive identification process is conducted by nonpolice personnel than when the same process is conducted by the police — the issue of the reliability of the identification is still paramount.
Accordingly, it is the holding of this court that a preaccusatory instrument identification process which is conducted by nonpolice personnel is subject to the same tests of reliability and suggestiveness as that which courts have traditionally imposed only upon those viewings conducted by law enforcement officials and that in a proper case a motion to suppress such identification and challenge its "taint” on subsequent identifications under CPL 710.60 is proper as a "ground” under CPL 710.20 (subd 5).
In the instant case, the court is unable to determine from the "factual allegations” concerning the initial identification, submitted by both defendant and the People, exactly how the identification occurred. Accordingly, under CPL 710.60 (subd 4), a Wade hearing (perhaps now more aptly called a Biggers- *175 Brathwaite hearing) is ordered immediately before trial on the issue of the June 22, 1978 identification only. The motion to suppress such identification is granted only to the extent of ordering such a hearing.
The motion to dismiss the felony hearing identification on July 11, 1978 is denied. (CPL 710.60, subd 1; cf. People v Faber, Index No. 78-00036, Westchester County Ct, May 4, 1978, Delaney, J.)
The remaining issues of defendant’s omnibus motion are treated in a separate decision.