OPINION OF THE COURT
Gerard E. Delaney, J.
The first impression issues before the court are whether a defendant in a criminal proceeding has a right to waive his personal appearance at a preliminary felony hearing (CPL 180.60) and if such right exists, are sanctions appropriate for arbitrary denial of that right, to wit, supression of the use of such identification as may occur at such hearing by the People during their case-in-chief during trial. As indicated below, this court finds that a defendant in a criminal proceeding has a right pursuant to CPL 180.60 (subd 2) and Federal and State constitutional guarantees to waive personal presence at such hearing as long as it is determined by the local court Justice that he does so knowingly, intelligently and voluntarily and that a violation of such rights will subject any later attempted use in court of an identification procured at such hearing to suppression *343 under CPL 60.30, pursuant to the provisions of CPL 710.20 (subd 5) and 710.60.
Defendant has been indicted by the Westchester County Grand Jury for the crime of attempted robbery in the first degree (Penal Law, § 160.15, subd 3; § 110.00). Following his initial arrest of February 5,1980, and an identification on that date and February 6, 1980, a preliminary felony hearing (CPL 180.60) took place in the City Court of White Plains, New York, on March 11, 1980, 35 days after the alleged crimes.
The following is a partial transcript of the felony hearing:
“THE COURT: People against Wayne Chambliss.
“MR. VOLPER: The defense is ready. We would respectfully request the Court to waive my client’s appearance in order to prevent a suggestive show-up proceeding.
“THE COURT: Denied. People v Washington, I’ll follow. [See infra; direct examination of the People’s witness.]
“Q. And this individual who held this object,, do you see him present in the court today?
“A. I do.
“Q. Would you point him out for the court?
“A. This gentleman in the brown suit [pointing].
“MR. McMILLIAN: Could the record reflect the witness identified the defendant.
“THE COURT: Yes.
“MR. VOLPER: Could the record reflect he’s sitting next to his attorney at counsel table?
“THE COURT: Yes, sir.”
The initial question is whether defendant’s presence is mandated at a felony hearing. “[T]he primary purpose of the proceedings upon [a] felony complaint is to determine whether the defendant is to be held for the action of a grand jury [and] [t]he defendant has a right to a prompt hearing upon [such] issue * * * but he may waive such right.” (CPL 180.10, subds 1, 2.) If defendant waives his right to a felony hearing, the local court may either transfer the matter to the superior court for the action of a *344 Grand Jury or make a determination whether to dismiss the complaint or to have it possibly “reduced” to a nonfelony offense pursuant to CPL 180.30 and 180.50.
While there is no constitutional right to a preliminary hearing (cf. People ex rel. Hirschberg v Close, 1 NY2d 258; People v Aaron, 55 AD2d 653; People v Abbatiello, 30 AD2d 11; People v Dash, 95 Misc 2d 1005; Matter of Friess v Morgenthau, 86 Misc 2d 852, 854; People v Carter, 73 Misc 2d 1040; People v Belmont, 48 Misc 2d 1057), CPL article 180 gives a defendant a statutory right thereto. However, the District Attorney also has statutory authority to present evidence to a Grand Jury independent of defendant’s right to a felony hearing and the failure to afford such a hearing does not vitiate the later indictment. (CPL 190.55, subd 2, par [c] ; People ex rel. Hirschberg v Close, supra; People v Tornetto, 16 NY2d 902, cert den 383 US 952; People v Dash, supra; People v Jackson, 48 Misc 2d 1026.) The People, however, did not exercise their discretion under CPL 190.55 (subd 2, par [c]) and the defendant’s statutory right to such a hearing remained in effect.
Defendant’s attempt to waive his right to appearance at the hearing was predicated upon CPL 180.60 (subd 2): “The defendant may as a matter of right be present at such hearing.” (Emphasis added.)
In an analogous situation it is noted that CPL 260.20 states that “[a] defendant must be personally present during the trial of an indictment” (emphasis added). Such “statute’s purposes are two: to prevent the ancient evil of secret trials (People v. Thorn, 156 N.Y. 286) and to guarantee the defendant’s right to be present at all important stages of his trial” (People ex rel. Lupo v Fay, 13 NY2d 253, 256, cert den 376 US 958). As “the statute is designed for the protection of the defendant, our courts have interpreted the mandatory language of CPL 260.20 to allow the defendant to waive such personal appearance (People v Epps, 37 NY2d 343 [cert den 423 US 999]).” (People v Huggler, 50 AD2d 471,473-474; emphasis added; see, also, People v Aiken, 45 NY2d 394, 397; Diaz v United States, 223 US 442, 455; Snyder v Massachusetts, 291 US 97,106; Illinois v Allen, 397 US 337, 343; Drope v Missouri, *345 420 US 162; Taylor v United States, 414 US 17; Tacon v Arizona, 410 US 351; accord People v Burts, 64 AD2d 283; People v Freeman, 64 AD2d 715; People v Montez, 65 AD2d 777; Matter of Root v Kapelman, 67 AD2d 131 (1st Dept), mot for lv to app den 47 NY2d 706, mot for stay den 47 NY2d 801; People v Davis, 99 Misc 2d 844; People v Thomas, 97 Misc 2d 845; People v Piazza, 92 Misc 2d 813; People v Hicks, 90 Misc 2d 609; cf. People v Anderson, 16 NY2d 282.)
Thus, our courts have, by going to the rationale for a rule which even states that a defendant “must” be present during a trial, determined that as the rule is for the benefit of the defendant (not the People), he may waive such personal appearance as long as he does so “knowingly, voluntarily, and intelligently”. (People v Epps, 37 NY2d 343, 350; Johnson v Zerhst, 304 US 458, 464.)
The People, however, argue that the situation is different for the “rights” of a criminal defendant at a felony hearing. The People state: “Nor can it be said that the ‘right’ to waive personal appearance at a preliminary hearing is either expressly or implicitly afforded by [CPL 180.60, subd 2]. In substance, the statute imports only that the criminal defendant cannot under normal circumstances be excluded from his preliminary hearing. Absent from this statutory provision is express language which would give the defendant the privilege or affirmative right to waive his personal appearance at the preliminary hearing. In virtually every other instance in which the Legislature intended that such a privilege exist, specific language was provided therefore (See CPL § 170.10(1) (b); 340.20(2) (a); 340.50(2); 380.40(2) and 440.30(5).”
Such argument is a paraphrase of a local recent decision in People v Washington (Ind. No. 79-00794-01, pp 6-7, Westchester County Court [Feb. 7, 1980, Couzens, J.]) in which it was further stated: “While [CPL 180.60, subd 2] may be susceptible of the interpretation that the choice lies with the defendant as to whether to appear at the hearing, that choice does not in fact lie with him' * * * Certainly, the Legislature could have quite easily included a similar provision (of waiver) thus giving the defendant the express right of waiver but they did not.”
*346 This court must again respectfully disagree with the decision in People v Washington (supra; see People v Smith, 103 Misc 2d 513). By simply reversing such an argument, it might also be said that using the word “may” in CPL 180.60 (subd 2), instead of the mandatory “must” as it did in the more clearly analogous CPL 260.20, a clear distinction was made by the Legislature, giving the defendant the absolute right to be present at his choice rather than by the now discredited interpretation of CPL 260.20, requiring a defendant’s presence. (See Maurer v People, 43 NY 1, now superseded by People v Epps, supra.)
For the People to concede that the defendant can waive his right to be physically present during the trial on the merits of a criminal case, yet argue that he cannot do so at a hearing where the burden of proof is lesser and the issues so narrow is, at best, anomalous. Had the Legislature even chosen to use the word “must” instead of the permissive, “may”, it is clear that the purpose of the statute is to guarantee the rights of the defendant and not to impose the obligation of physical presence. (Cf. People v Epps, 37 NY2d 343, supra.)
“Mandatory effect is given to permissive or discretionary words only when required by the context of the statute, the facts surrounding its enactment, or the purposes sought to be served thereby” (McKinney’s Cons Laws of NY, Book 1, Statutes, § 177, subd b), otherwise words of discretion are treated as permissive. (Id., § 177, subd a.) The legislative history of CPL 180.60 (subd 2) clearly indicates to this court that not only was it enacted for the benefit of a defendant, but that the use of the permissive “may” was to insure his right to be present at such a hearing and not to compel such presence. The statute was derived from the now superseded section 203 of the Code of Criminal Procedure (L 1881, ch 442) which in substance guaranteed a defendant’s right to be present at his preliminary examination, notwithstanding the court’s power to exclude and separate nontestifying witnesses under section 202 of the Code of Criminal Procedure and the public in general under section 203: “The object of [section 203] is to carry out more fully the spirit of [section 202]. The policy of the statutes has always been, to prevent the concocting of a *347 charge against a defendant, upon collusive or false testimony * * * To guard the rights of the defendant against a secret examination, the section provides that it shall not be conducted in private, unless at his request.” (Report Complete by the Commissioners on Practice and Pleadings, pp 94-95, submitted Dec. 31, 1849; see, generally, People v Thorn, 156 NY 286.)
As People v Epps (supra, p 348) recognized, the avoidance of secret trials was “significant in view of the fact that representation by counsel is a comparatively recent development”. Under our current system, counsel for' a defendant is assured at such felony hearings and represents the rights of the accused in all matters. Should a defendant wish to exercise his right to appear, CPL 180.60 (subd 2) guarantees that right — but it is not mandated; counsel acts in his stead.
Perhaps shattering in its silence, is an unspoken rationale for the positions of the People and the defendant in this instance: The People are able to use proper identification of the defendant made at the felony hearing as evidence on their direct case at trial (CPL 60.30), and a defendant’s personal appearance at the felony hearing certainly facilitates such identification and the sustaining of their burden of proof at such hearing (CPL 180.70). The defendant, on the other hand, may well not wish to give the People’s witnesses another view of his person which might not only bolster their observations or identification at trial, but also assist in the People’s burden of proof at the hearing itself. While felony hearing identifications are not “per se” unreliable under the standard of Manson v Brathwaite (432 US 98; cf. People v Ramos, 42 NY2d 834; People v Smith, 103 Misc 2d 513, supra), it can hardly be gainsaid that they are generally judicial “show-ups” in fact, if not in form, for the defendant is generally the only noncourt officer present.
The practical advantages of both the position of the People and that of the defendant are obvious. Nevertheless, it has been held that a defendant’s voluntary absence from a court proceeding cannot and does not operate as a waiver of the People’s failure of proof with respect to identifica *348 tian. (People v Singleton, 62 AD2d 1043.) In cases where witnesses personally know the defendant, there would appear to be no reason why the People could not establish such identification by such testimony at the felony hearing to the degree necessary to convince the local court that “reasonable cause” was had for the identification prong of the burden of proof. (See CPL 180.70.) In the instance where witness and defendant are previously unknown to each other the rule of People v Caserta (19 NY2d 18) and People v Cioffi (1 NY2d 70) barring testimony of extrajudicial identifications of photographs would not apply, and such identification could be made from photographs. Indeed, Grand Jury presentments have traditionally relied upon photographic identifications to supply proof of identity.
Therefore, this court holds that a criminal defendant does have a right to waive his personal appearance at a felony hearing as long as the Hearing Judge determines that such waiver was being exercised “knowingly, voluntarily and intelligently”. (See People v Epps, 37 NY2d 343, supra; Johnson v Zerbst, 304 US 458, 464, supra; CPL 180.60, subd 2.)
Relying solely on the law as espoused in People v Washington (supra [unreported]) the local court Judge failed to make any form of inquiry of defendant or his counsel so as to determine whether defendant’s attempted waiver of his right to be present was being done “knowingly, intelligently or voluntarily”. This court does not sit in appellate review of errors which may occur in local court proceedings and it is recognized that whatever errors did occur do not effect the validity of the subsequent indictment. (Cf. People ex rel. Hirschberg v Close, 1 NY2d 258, supra.) However, this court does have jurisdiction to entertain the instant motion to suppress identification evidence sought to be introduced by the People at trial. (CPL 710.50, 710.70, subd 2; and more importantly CPL 60.30.)
An identification may be suppressed under CPL 710.60 when there are proper grounds under CPL 710.20 to do so. CPL 710.20 (subd 5) provides, in part, that identification evidence may be suppressed if it: “Consists of potential *349 testimony regarding an observation of the defendant * * * upon some other occasion relevant to the case, which potential testimony would not be admissible upon the prospective trial of such charge owing to an improperly made previous identification of the defendant by the prospective witness.”
CPL 60.30 will allow the People to bolster identification at trial by use of the in-person felony hearing identification only if the identifying witness “observed the defendant, under circumstances consistent with such rights as an accused person may derive under the constitution of this state or of the United States”. As such right issues to the benefit of the defendant, “the right to be present is clearly waivable under both the Federal and State Constitutions.” (People v Epps, 37 NY2d 343,349, supra; emphasis added.)
The People have not denied the facts alleged by the defendant regarding the summary denial of his right to waive his presence (and as evidenced by the transcript minutes) but have only argued the applicable law. Therefore, this court orders the suppression of any in-court identification evidence concerning defendant’s identification at the felony hearing on March 11, 1980. (CPL 710.60, subd 2, par [a] ; 710.20, subd 5; 60.30; cf. People v Gruden, 42 NY2d 214.)
It should be made clear that by this court’s decision no judgment has been made concerning the “reliability” or lack thereof, of such felony hearing identification or whether or not the identification itself was “impermissively suggestive.” Manson v Brathwaite (432 US 98,106,113, n 13, supra) made it clear that the normal concern in such “identification procedure does not in itself intrude upon a constitutionally protected interest.” “The exclusionary rules [of United States v Wade (388 US 218) and Stovall v Denno (388 US 293)] were fashioned to deter improper conduct on the part of law enforcement officials which might lead to mistaken identifications” (People v Logan, 25 NY2d 184, 193; emphasis added; cf. People v Walker, 97 Misc 2d 171).
We deal, however, in this instance, with an infringement of defendant’s constitutional rights under both State and Federal law to waive his personal appearance at a court proceeding, the arbitrary denial of such a right by a local *350 court Justice and the presumptively permissive right of the People under CPL 60.30 to offer evidence consistent with defendant’s own rights. The existence of the right to waive presence cannot consistently tolerate summary denial of its benefit and also allow such a denial to be used affirmatively against the injured party. “To hold otherwise is to grant the right but in reality to withhold its privilege and enjoyment.” (Mapp v Ohio, 367 US 643, 656.)
To the extent that this court’s decision primarily rests upon State law under CPL 60.30, it, as shown, is conceptually different than the classic motion to suppress identification evidence. (See supra.) However, it should be clear that not only is such a sanction necessary to enforce compliance and recognition of such right, but to also maintain “the imperative of judicial integrity * * * Nothing can destroy a government more quickly than its failure to observe its own laws”. (Mapp v Ohio, supra, at p 659.) The in-court use at trial by the People of the felony hearing identification is usually just the frosting on the cake for identification purposes. By itself, it does not constitute highly probative evidence of guilt, but in conjunction with the further testimony of identification by a witness, it bolsters the People’s case and may tip the scales of guilt where identification is truly in issue. (Cf. Stone v Powell, 428 US 465, 485.) CPL 60.30 cannot and should not come into use unless the rights of defendants as stated above in CPL 180.60 (subd 2) and as defined by analogy in People v Epps (37 NY2d 343, supra) are given force by the local courts. Continued summary disregard by the courts without further inquiry of the rights of defendants to waive their personal appearance at felony hearings might well have redress via a writ of prohibition under CPLR article 78. (See Matter of Lee v County Ct. of Erie County, 27 NY2d 432.)