■ The People of the State of New York, Respondent, v Leonard Ludwigsen, Appellant.—Appeal by the defendant from a judgment of the Supreme Court (Potoker, J.), rendered December 20, 1982, convicting him of criminal possession of a weapon in the third degree (three counts), burglary in the second degree (two counts), assault in the second degree (two counts), robbery in the first degree, robbery in the second degree, grand larceny in the third degree, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defense counsel's waiver of the defendant's right to be present at the preliminary hearing did not taint the identification at trial and, thus, the identification testimony should not be suppressed on this ground (see, People v Lyde, 104 AD2d 957; People v Chambliss, 106 Misc 2d 342).

Contrary to the defendant's contention, the failure to produce at the Wade hearing the photograph of the defendant identified by the complainant did not render the hearing flawed and mandate suppression of the in-court identification. The complainant viewed drawers containing hundreds of photographs. The "volume and scope of this procedure militates against the presence of suggestiveness" and the cross-examina-

tion of the complainant and the detective did not indicate that the procedure was suggestive *(People v Jerome,* 111 AD2d 874; *see also, People v Rahming,* 26 NY2d 411). Furthermore, the evidence amply established an independent basis for the in-court identification *(see, People v Lyde, supra; People v Washington,* 111 AD2d 418). Mollen, P. J., Thompson, Rubin and Kunzeman, JJ., concur.