■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY STOKES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lodato, J.), rendered October 21, 1981, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Although the hearing court did not make any findings on the witness's independent basis for identifying the defendant, the record is fully developed so as to permit this court to make an appropriate ruling *(see, People v Mallory,* 126 AD2d 750; *People v Hall,* 81 AD2d 644; *People v Thomas,* 58 AD2d 899).

We note that the failure of the People to preserve a record of a photographic array shown to a witness shortly after a robbery gives rise to an inference that the photo array was suggestive *(People v Scatliffe,* 117 AD2d 827, *lv denied* 67 NY2d 1056; *People v Johnson,* 106 AD2d 469). However, this is not the case when the array is so voluminous that the sheer volume and scope of the procedure would create an undue burden upon the People and when the police had not yet focused on a particular suspect *(People v Ludwigsen,* 128 AD2d 810, *lv denied* 69 NY2d 1006; *see also, People v Jerome,* 111 AD2d 874, *lv denied* 66 NY2d 764). The police officer who presented the photo array to the witness testified that the array consisted of several hundred photographs. The record further reflects that the police had no suspects before the witness made the photo identification. Therefore, we find the People had overcome the presumption of suggestiveness. Furthermore, reviewing the record of the hearing, we find the photo array was not suggestive and therefore the branch of the defendant's omnibus motion which was to suppress the in-

court identification testimony of the witness was properly denied *(see, People v Pleasant,* 54 NY2d 972, *cert denied* 455 US 924; *People v Rodriquez,* 117 AD2d 826).

In any event, we find that the totality of the circumstances show that the witness could make an in-court identification based upon his observations at the time of the commission of the crime.

We have reviewed the defendant's other contentions and find them to be without merit. Kunzeman, J. P., Rubin, Eiber and Sullivan, JJ., concur.