■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANASTACIO BURGOS, Appellant. [611 NYS2d 605] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered September 12, 1991, convicting him of rape in the first degree, burglary in the first degree, assault in the second degree, and sexual abuse in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

We disagree with the defendant's contention that he was deprived of the opportunity to demonstrate the suggestiveness of the identification procedures to the hearing court, because

the People produced a black and white copy of his photograph rather than the original color photograph that the complainant selected during the second photographic identification procedure.

While generally it is incumbent on the People to preserve a photographic array so that a court may determine whether the procedure employed was unduly suggestive *(see, People v Barber,* 96 AD2d 1112), the failure of the People to produce the original color photograph selected by the complainant does not warrant reversal of the hearing court's determination. First, any resulting inference of suggestiveness was dispelled by the testimony of the detectives detailing the procedure used to safeguard against suggestiveness, especially the "sheer volume" of the photographs viewed, here over 500 photographs, as well as the fact that at that point the police had not focused on any particular suspect *(see, People v Campos,* 197 AD2d 366; *People v Jerome,* 111 AD2d 874). Second, the evidence established that the black and white photograph of the defendant, which had been produced at the hearing, was a photograph of the original color photograph viewed by the complainant, i.e., the black and white photo was a reproduction of the color photograph. Under the circumstances, the failure to produce the original color photograph at the hearing was not prejudicial to the defendant.

The sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80).

We have considered the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Lawrence, Ritter and Pizzuto, JJ., concur.