■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRIUS PATTERSON, Appellant. [759 NYS2d 657] —Judgment, Supreme Court, Bronx County (William Mogulescu, J., at hearing; Alexander Hunter, J., at jury trial and sentence), rendered February 16, 2000, convicting defendant of robbery in the first degree (two counts), robbery in the second degree, and assault in the second degree, and sentencing him to an aggregate term of eight years, unanimously affirmed.

Defendant's suppression motion was properly denied. The record supports the hearing court's findings that the photographic and lineup identifications were not unduly suggestive. The police, who had no knowledge of defendant and no suspects in mind, had the witnesses view computer screens that were comparable to books or drawers of police photographs. Given the type of photo identification, the People were able to meet

---

* Deceased June 1, 2003.

their burden of going forward to establish the lack of suggestiveness without producing the photographs at the hearing (*see People v Campos*, 197 AD2d 366 [1993], *lv denied* 82 NY2d 892 [1993]; *see also People v Bhuggo*, 241 AD2d 301 [1997], *lv denied* 90 NY2d 938 [1997]). A detective gave detailed testimony about how the computer selected a fair grouping of photographs.

The trial court properly admitted defendant's photograph from a prior arrest, since it was highly relevant to the accuracy of the description given by the eyewitness and was not stale under the circumstances (*see People v Washington*, 259 AD2d 365 [1999], *lv denied* 93 NY2d 1006 [1999]). The photograph carried no suggestion that defendant had been previously arrested, and it was the defense, not the prosecution, that elicited the fact that this photograph was taken in connection with a prior arrest. Concur—Tom, J.P., Mazzarelli, Andrias, Friedman and Marlow, JJ.