■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK MOONEY, Appellant. [903 NYS2d 49]—

Judgment, Supreme Court, New York County (James A. Yates, J.), rendered May 3, 2006, convicting defendant, after a nonjury trial, of robbery in the second degree and criminal possession of stolen property in the third degree, and sentencing him, as a persistent violent felony offender, to an aggregate term of 16 years to life, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the court's determinations concerning credibility. To establish defendant's guilt of second-degree robbery under Penal Law § 160.10 (3), the People were only required to prove he stole a motor vehicle by means of any kind of force. While placing his hand in his pocket and making a pointing gesture, defendant told the victim, "This is a carjacking," and instructed her to give him her car keys and get in the car. The victim surrendered the keys but fled, and defendant took the car. This evidence was more than enough to establish a forcible taking (*see People v Woods*, 41 NY2d 279, 282-283 [1977]).

The court properly denied defendant's motion to suppress identification testimony. When a detective was notifying the victim of an impending lineup, he told her the person whose photograph she had previously selected from an array was in custody. Although it was inadvisable, we do not find that this statement created a serious risk of misidentification (*see People v Rodriguez*, 64 NY2d 738, 740-741 [1984]). The People met their burden of going forward to establish the fairness of a computer-generated photo array even though they were unable to produce the photographs at the hearing (*see People v Patterson*, 306 AD2d 14 [2003], *lv denied* 1 NY3d 541 [2003]). All of defendant's remaining arguments concerning the composition and conduct of the photographic and lineup procedures are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. There was nothing in any of these procedures that unfairly singled defendant out (*see generally People v Chipp*, 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]). Concur—Tom, J.P., Friedman, McGuire, Acosta and Román, JJ.