Judgment, Supreme Court, New York County (Ruth Pickholz, J., at suppression hearing; Juan M. Merchan, J., at jury trial and sentencing), rendered March 1, 2011, convicting defendant of attempted robbery in the third degree and two counts of assault in the third degree, and sentencing him, as a second felony offender, to an aggregate term of two to four years, unanimously affirmed.
The court properly denied defendant’s motion to suppress identification testimony. Viewing, as a whole, the entire procedure whereby a witness identified defendant from a series of photo arrays generated by the police photo manager computer system, we conclude that the procedure was not unduly suggestive. The detective’s testimony about how the computerized procedure operates sufficiently established its fairness. The fact that the police failed to preserve the arrays viewed by the witness does not warrant a different conclusion (see People v Patterson, 306 AD2d 14 [1st Dept 2003], lv denied 1 NY3d 541 [2003]; People v Campos, 197 AD2d 366 [1st Dept 1993], lv denied 82 NY2d 892 [1993]). We also conclude that the detective entered sufficient information about the description of the perpetrator to ensure that the computer generated a fair selection of photos.
Based on our review of the photograph of the ensuing lineup, we conclude that the record also supports the hearing court’s finding that the lineup was not unduly suggestive (see People v Chipp, 75 NY2d 327, 336 [1990], cert denied 498 US 833 [1990]). *443 Any differences between defendant and the other participants, including an age disparity not fully reflected in the participants’ actual appearances, and a weight disparity that was minimized by having the participants seated, was not so noticeable as to single defendant out (see e.g. People v Amuso, 39 AD3d 425 [1st Dept 2007], lv denied 9 NY3d 862 [2007]).
We have considered defendant’s arguments concerning a detective’s brief background testimony about his “investigation,” as well as his arguments about events that occurred during the defense and prosecution summations, and we find no basis for reversal. Concur — Tom, J.E, Acosta, Saxe, DeGrasse and Freedman, JJ.