THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN ROBINSON, Appellant. [999 NYS2d 499]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gary, J.), rendered March 28, 2013, convicting him of robbery in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (J. Goldberg, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is reversed, on the law, that branch of the defendant's omnibus motion which was to suppress identification testimony is granted, and a new trial is ordered, to be preceded by a hearing to determine whether an independent source for the identification exists.

The defendant was arrested in connection with three robberies. At a *Wade* hearing (*see United States v Wade*, 388 US 218 [1967]) a detective testified that two of the complainants identified the defendant after viewing photographs from the police department's photo manager system, which generated screens of six photographs at a time based on criteria entered into the computer by the detective. The screens viewed by the complainants were not preserved. The detective was unable to recall how many screens each complainant viewed, or how long they viewed photographs before making an identification. The complainants subsequently identified the defendant in a lineup consisting of the defendant and four fillers. The defendant was aged 18 and the fillers were aged 18, 29, 30, and 35. At the conclusion of the hearing the Supreme Court found that the identification procedures were not unduly suggestive.

The Supreme Court erred in denying that branch of the defendant's omnibus motion which was to suppress identification testimony. The People's failure to preserve the original photographic arrays viewed by the complainants gave rise to a presumption of suggestiveness, and the People did not present sufficient evidence to rebut that presumption (*see People v Dobbins*, 112 AD3d 735, 736 [2013]; *People v Galletti*, 239 AD2d 598, 599 [1997]; *cf. People v Reaves*, 112 AD3d 746, 747 [2013]). The fact that the police failed to preserve the arrays viewed by the complainants does not warrant suppression in and of itself.

However, the detective's testimony at the suppression hearing as to how the computerized procedure operated was insufficiently detailed to establish its fairness (*cf. People v Holley*, 116 AD3d 442 [2014]; *People v Patterson*, 306 AD2d 14, 15 [2003]; *People v Campos*, 197 AD2d 366, 367 [1993]). The detective gave inconsistent testimony regarding what age criteria he entered in the computer system to generate each photo array. Furthermore, he did not recall how many screens either complainant viewed before each of them recognized the defendant, or how long it took each to make an identification. Therefore, the evidence did not overcome the presumption that the arrays were suggestive (*see People v Dobbins*, 112 AD3d at 736). Although the police had not yet focused on any particular suspect, it cannot be said that the sheer volume of photographs viewed was sufficient to dispel any inference of suggestiveness, as it is unknown how many photographs were viewed by the complainants (*cf. People v Burgos*, 204 AD2d 344, 345 [1994]; *People v Campos*, 197 AD2d at 367; *People v Stokes*, 139 AD2d 785, 786 [1988]).

We need not address whether the subsequent lineup was sufficiently attenuated in time from the photo identification procedure to nullify any possible taint, because the lineup procedure was also unduly suggestive (*see People v Dobbins*, 112 AD3d at 737). While there is no requirement that a defendant in a lineup be surrounded by individuals nearly identical in appearance, the other individuals in the lineup should sufficiently resemble the defendant so that there is no substantial likelihood that the defendant would be singled out for identification (*see id.*). Upon our review of a photograph of the lineup viewed by the complainants, it is apparent that the defendant and one of the fillers appear to be of similar ages, but the other three fillers appear visibly older than the defendant (*see id.*). The age disparity was sufficiently apparent as to orient the viewer toward the defendant as a perpetrator of the crimes charged (*cf. People v Mullings*, 88 AD3d 745 [2011]; *People v Alonge*, 74 AD3d 1354, 1355 [2010]).

Because the identification procedures were unduly suggestive, the defendant is entitled to a new trial, preceded by an independent source hearing (*see People v Delamota*, 18 NY3d 107, 110 [2011]; *People v Murphy*, 260 AD2d 505 [1999]).

In light of our determination, we need not reach the defendant's remaining contentions. Rivera, J.P., Leventhal, Chambers and Sgroi, JJ., concur.