Abdus-Salaam, J.
(concurring). I agree with the majority that the People carried their burden of production at the Wade hearing in this case and that defendant failed to meet his burden to demonstrate that the police-arranged photo identification procedure was unduly suggestive (see majority op at 525; see also People v Chipp, 75 NY2d 327, 335 [1990]). Furthermore, I concur in the majority’s rejection of defendant’s challenges to the nisi prius court’s admission into evidence of the lineup identification, the in-court identification testimony and Detective Mazuroski’s brief testimony about his investigation in this case (see majority op at 525-526). Nonetheless, I write separately to explain my disagreement with the majority’s adoption of a “presumption of suggestiveness” that allegedly arises whenever the People fail to present at a Wade hearing a physical copy of a photo array that has previously been shown to an identifying witness (see majority op at 517-518, 521-524). In my view, the presumption lacks a solid legal foundation and risks creating unnecessary confusion about the proper application of existing legal standards governing a suppression hearing.
As the majority recognizes, we have never previously held that, where the People fail to produce a copy of a photo array at a Wade hearing, they must overcome a rebuttable presumption that the disputed photo array identification procedure was unduly suggestive (see majority op at 522). Rather, under our existing precedent, the People must meet only their “initial burden of going forward to establish the reasonableness of the police conduct and the lack of any undue suggestiveness” (Chipp, 75 NY2d at 335), which is a “minimal” burden of “production” (People v Ortiz, 90 NY2d 533, 538 [1997]), and *527 once that requirement is satisfied, the burden shifts to the defendant to “prov[e] that the procedure was unduly suggestive” (Chipp, 75 NY2d at 335). Because this framework sets forth a commonsense decisional process without any presumptions, it promotes clarity and fairness by employing two distinct and balanced burdens with a single shifting point between them.
By contrast, the presumption of suggestiveness, which the majority derives from certain Appellate Division decisions, undermines the clarity of our existing suppression framework. As envisioned by the majority, the presumption does not alter the burden of production per se, but instead adds a turning point within the People’s efforts to meet that burden by requiring them to overcome the presumption with testimony about the composition of the photo array and the circumstances surrounding the identification procedure (see majority op at 522). Thus, the presumption seems to require a court to take an additional analytical step, evaluating first whether the People’s proof overcomes the presumption, then whether the evidence satisfies the burden of production and finally whether the defendant has demonstrated the unlawfulness of the contested photo array identification procedure.
In the vast majority of cases, a balanced application of this three-step process presumably would yield the same result as the more straightforward two-step process which exists now. Indeed, under the existing suppression framework, the People can meet their burden of production using sufficiently detailed testimony about the photo array identification procedure without producing a physical copy of the array at the hearing (see People v Hernandez, 70 NY2d 833, 835 [1987]), and the majority’s decision indicates that they can similarly overcome the presumption of suggestiveness and simultaneously meet their burden of production by presenting that same type of testimony (see majority op at 524-525). But by adding an extra layer to the analysis, the presumption may cause some courts in practice to lose sight of the basic point that the People’s burden remains a minimal one geared toward production rather than ultimate persuasion and conclusive proof.
Even if the presumption did not engender confusion or result in any significant practical alteration of our traditional suppression analysis, I would not endorse it because of its dubious legal roots. Significantly, the Appellate Division case law adopting the presumption relies on earlier decisions that do not mention a presumption of suggestiveness at all, instead merely *528 encouraging the production of photo arrays at Wade hearings and explaining that the lack of such production, coupled with the absence of additional evidence, prevents the People from meeting their burden (see People v Barber, 96 AD2d 1112, 1112-1113 [3d Dept 1983]; People v Nelson, 79 AD2d 171, 173-174 [4th Dept 1981]; People v Foil, 83 AD2d 641, 641-642 [2d Dept 1981]; People v Putman, 55 AD2d 608, 608-609 [2d Dept 1976]). Unfortunately, in later cases, the Appellate Division cited those decisions for a novel proposition that they did not support, namely that a rebuttable “inference of suggestiveness” arises from the People’s failure to produce the photo array at the suppression hearing (see People v Johnson, 106 AD2d 469, 469 [2d Dept 1984]). Indeed, the initial Appellate Division case law adopting the presumption of suggestiveness did so with little, if any, explanation of the rationale for such a presumption (see id.; see also People v Simmons, 158 AD2d 950, 950 [4th Dept 1990]).
Furthermore, until recently, the Appellate Division had concluded that the presumption of suggestiveness simply does not apply to a voluminous canvassing array of the kind at issue here, and that hence the People need not rebut any such presumption in canvassing array cases (see People v Stokes, 139 AD2d 785, 785 [2d Dept 1988]; cf. People v Ludwigsen, 128 AD2d 810, 810 [2d Dept 1987]). Thus, the Appellate Division’s relatively recent acceptance of the presumption in the canvassing array context, based on a line of prior cases that does not support such an approach (see e.g. People v Robinson, 123 AD3d 1062, 1062-1063 [2d Dept 2014]; People v Dobbins, 112 AD3d 735, 736 [2d Dept 2013]), was without a sound legal foundation and should not be approved by this Court. Accordingly, I cannot join the part of the majority’s opinion adopting the presumption in this case.
Chief Judge Lippman and Judges Rivera and Stein concur; Judge Abdus-Salaam concurs in result in a separate opinion in which Judge Pigott concurs.
Order affirmed.