People v Cepeda (2019 NY Slip Op 02717)





People v Cepeda


2019 NY Slip Op 02717


Decided on April 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2012-02972
 (Ind. No. 9909/09)

[*1]The People of the State of New York, respondent,
v
Ricardo Cepeda, appellant.


Janet E. Sabel, New York, NY (Amy Donner and Harold Ferguson of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Keith Dolan, and Dmitriy Povazhuk of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Danny K. Chun, J.), rendered March 15, 2012, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Mark Dwyer, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.
ORDERED that the judgment is affirmed.
We agree with the Supreme Court's determination to deny that branch of the defendant's omnibus motion which was to suppress identification testimony. "While there is no requirement that a defendant in a lineup be surrounded by individuals nearly identical in appearance, the other individuals in the lineup should sufficiently resemble the defendant so that there is no substantial likelihood that the defendant would be singled out for identification" (People v Robinson, 123 AD3d 1062, 1063; see People v Dobbins, 112 AD3d 735, 737). Here, the variations in appearance between the defendant and the fillers in the lineups were not so substantial as to render the lineup unduly suggestive (see People v Chipp, 75 NY2d 327, 336; People v Davis, 115 AD3d 1167, 1169-1170; People v Ortiz, 61 AD3d 1003; People v Pointer, 253 AD2d 500). The defendant's mere speculation that the witnesses who viewed the lineups might have recognized certain fillers does not warrant reversal.
We agree with the determination of the Supreme Court denying the defendant's request to conduct a Buford inquiry (see People v Buford, 69 NY2d 290) of a particular juror based upon certain notes from the jury. There is no indication that the juror was "grossly unqualified to serve in the case or ha[d] engaged in misconduct of a substantial nature" (CPL 270.35; see People v Mejias, 21 NY3d 73, 79-80; cf. People v Sanchez, 99 NY2d 622).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit.
LEVENTHAL, J.P., ROMAN, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court