OPINION OF THE COURT
Rose McBrien, J.
The defendant moves for a mistrial or, in the alternative, to strike the testimony of two prosecution witnesses who invoked their Fifth Amendment privilege and refused to answer certain questions put to them on cross-examination. The assertion is that these individuals’ right to remain silent must give way to the defendant’s Sixth Amendment right to be confronted with the witnesses against him.
Where the testimony of a People’s witness on direct is an important or relevant element in the prosecution’s case, a defendant must be permitted full latitude to inquire on cross-examination regarding such testimony. No refusal to testify can be permitted to frustrate this right, be it based on the privilege against self incrimination (People v Schneider, 36 *34 NY2d 708; United States v Cardillo, 316 F2d 606), or on public policy concerning confidential records (Davis v Alaska, 415 US 308; People v Ramistella, 306 NY 379.) If effective inquiry is precluded because of any sort of "privilege”, the testimony must either be stricken in whole or in part or a mistrial declared.
However, not "every refusal to answer, by a witness, claiming his constitutional right against self-incrimination, requires the striking of his testimony or a part thereof’ (United States v Cardillo, supra, p 613). A declination to answer questions on matters that are purely collateral to the issues at bar is such a case where direct testimony will not be stricken (Cardillo, supra, p 611). Since a trial court may in its discretion exclude disparaging questions put to a witness on cross which are collateral to the issues, it logically follows that the sustained plea of privilege on such matters would not require a striking of the witness’ direct testimony (1 Bender’s, New York Evidence, § 27.02, subd [2]).
The defendant here is charged with menacing and possession of a weapon. He allegedly came into a store and began making threats, using loud and abusive language, and outside the store, brandishing a knife. Two of the prosecution witnesses were employees in the store and they testified on direct examination as to what they saw and heard regarding the incident.
Both of these men were foreigners who appeared to be either in this country illegally or who were violating their visa status in some manner. On cross-examination they invoked their Fifth Amendment privilege and refused to answer such questions (put to one or the other) as: was it legal for him to work, did he have a green card, did he pay taxes, did his employer withhold taxes, etc?
The court is of the opinion that these are purely collateral matters and not at all germane to the issues in this trial, namely, what were or were not the defendant’s actions at the time and place in question. The refusal to answer queries like these is the very thing which United States v Cardillo, and the other cases cited, supra, tell us does not require a striking of testimony.
Indeed, had they been made the court would have sustained objections to these questions, which clearly involved colláteral *35 and irrelevant matter. (See 1 Bender’s, New York Evidence, § 27.02, subd [2].)
The motion is denied in all respects.