OPINION OF THE COURT
S. Herman Klarsfeld, J.
In the course of a jury trial on a charge of assault, in the third degree, the court was informed by the Assistant District Attorney that the complaining witness, a police officer, would assert his Fifth Amendment privilege against self incrimination when questioned about certain criminal acts for which the police officer had been arrested and which there was a pending indictment in Queens County. An inquiry on cross-examination as to a criminal act of the witness for the sole purpose of affecting his credibility is an inquiry concerning a collateral matter. (Richardson, Evidence, § 491.) However, it should be emphasized that “collateral” does not mean that the inquiry is unimportant or irrelevant but only that it does not go to what the defendant’s actions were or were not at the time and place in question. Nevertheless, the opportunity to impeach the credibility of a witness is of utmost importance.
The two-fold issue to be decided is whether the inquiry on cross-examination goes to a material or a collateral issue and if it goes to the latter, whether, by the witness’ refusal *111 to testify, the defendant’s Sixth Amendment right to confront witnesses would be so impaired as to be ineffective, thus necessitating the striking of the direct testimony.
The right of a defendant to confront the witnesses against him, guaranteed by the Sixth Amendment, includes the right to test the truth of those witnesses’ testimony by cross-examination. (Greene v McElroy, 360 US 474; Matter of Murchison, 349 US 133.)
In the case at hand the complaining witness and the defendant have two very different versions of the incident alleged. The credibility of the complaining witness and of the defendant, should he take the stand, must be taken into consideration by the jury in order to reach a just verdict.
In People v Jackson (94 Misc 2d 33) the court denied defendant’s motion for a mistrial or alternatively, to strike the testimony of two prosecution witnesses who invoked their Fifth Amendment privilege and refused to answer certain questions put to them on cross-examination. The rationale of that decision is significant. My learned colleague in this court, Judge Rose McBrien stated (p 34): “Since a trial court may in its discretion exclude disparaging questions put to a witness on cross which are collateral to the issues, it logically follows that the sustained plea of privilege on such matters would not require a striking of the witness’ direct testimony.” It follows then, that if questions which are put to a witness on cross-examination are proper and an objection would be overruled, then a plea of privilege where answers are not given to those questions would require a striking of the direct testimony. In the instant case, this court ruled that questions concerning certain criminal acts of the complaining witness (although not the arrest or indictment) would be proper in order to impeach the witness’ credibility and any objections to questions concerning those acts would be overruled. Therefore, while the issue may be collateral it is not irrelevant and under the rationale of People v Jackson (supra) the direct testimony should not be allowed to stand.
There is no dispute as to the absolute right of the complaining witness to assert his Fifth Amendment privilege. (NY Const, art I, § 6.) However, the trial court must de *112 termine if the defendant has been prejudiced by the assertion of the privilege. (United States v Kravitz, 281 F2d 581.) In this case, the credibility of the complaining witness is crucial to the People’s case. While the defendant does have the opportunity to cross-examine him concerning his perceptions of the events, the court finds that it would be prejudicial to the defendant not to allow him to test the credibility of the complaining witness.
Therefore, this court rules that the motion to strike the testimony of the complaining witness who will invoke his Fifth Amendment privilege on cross-examination is granted.