■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM CRUZ, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Richmond County (Hentel, J.), rendered August 22, 1980, convicting him of attempted murder in the second degree, criminal possession of a weapon in the third degree and assault in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. The facts of this case present a close identification issue. Two witnesses for the

People identified defendant at trial as the assailant. Three persons testified on defendant's behalf, presenting an alibi defense. One of the People's witnesses testified at the *Wade* hearing that when he identified defendant in a lineup, he was not sure. At trial the same witness testified that he was certain that defendant was the assailant, and that he had been sure at the lineup. On cross-examination, defense counsel asked the witness if he recalled testifying on March 28, 1980, at the *Wade* hearing, that he was unsure of his identification at the lineup. The witness stated that he could not recall testifying to that effect. At that point defense counsel moved to introduce the relevant testimony as a prior inconsistent statement. The court sustained an objection. This was error. A prior inconsistent statement on a material issue is appropriate impeachment evidence (*People v Duncan,* 46 NY2d 74, 80-81; *People v Raja,* 77 AD2d 322, 324-325). The other witness for the People who identified defendant was allowed, over objection, to testify that he had previously identified defendant at a preliminary hearing. This was improper since the prosecution had failed to give the requisite notice that it intended to present such testimony, nor was good cause shown for its failure to give such notice (CPL 710.30, subd 3; *People v Williams,* 77 AD2d 579). We cannot say on this record that these errors were harmless (cf. *People v Johnson,* 32 NY2d 814, 816). Accordingly a new trial is required. Damiani, J. P., O'Connor, Thompson and Niehoff, JJ., concur.