## (July 15, 1982)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IRA LEE McCULLARS, Appellant. — Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered May 22, 1980, upon a verdict convicting defendant of the crime of robbery in the first degree. Defendant was charged with robbing a bank in Menands, New York, on November 20, 1979. Inasmuch as there is abundant and cogent evidence linking him to the robbery, and the claims of error said to have occurred during the trial are without merit, we affirm. It was not error to allow an F.B.I. agent to testify that the bank teller, who on direct examination made a positive in-court identification of the defendant as the robber, had made an earlier out-of-court identification of defendant from an array of six photographs. The agent's testimony, detailing the photographic identification procedure, was offered by the People only after defendant, in the course of attacking the teller's testimony, opened the door by bringing out on cross-examination that the teller had made such an identification (see *People v Bunch,* 58 AD2d 608). As for the contention that the prosecutor erred grievously by calling a witness who, it is alleged, he knew would invoke the right against self incrimination, it is not at all apparent that the prosecution knew the witness would refuse to answer. The witness was neither a codefendant nor accused of being implicated in the robbery. It is also of some significance that the prosecutor ceased all questioning once application for a grant of immunity was denied. Moreover, this is not an instance

where "the Government makes a conscious and flagrant attempt to build its case out of inferences arising from use of the testimonial privilege" (*Namet v United States,* 373 US 179, 186), or where the witness' refusal to answer added decisive weight to the People's case (*id.,* at p 187); defendant's guilt had been amply proven by other evidence (cf, *People v Pollock,* 21 NY2d 206). Indeed the evidence of guilt is so compelling that even if the bank teller's identification of defendant, who wore a ski mask during the robbery, was incredible as a matter of law, as defendant insinuates, the jury still had before it ample evidence upon which to convict. The chief and overriding error asserted is that defendant was denied effective assistance of counsel. With respect to this charge, it is noteworthy that trial counsel's representation of defendant's sister, the alibi witness, at the Grand Jury proceedings created no impermissible conflict of interest, for the record is conspicuously lacking in anything suggesting that defendant's interests were at variance with hers. And since, as we have already observed, defendant's related claim that his counsel failed to object to the F.B.I. agent's testimony concerning the teller's prior identification of defendant would have been ineffectual, and inasmuch as defendant was not prejudiced by his counsel's failure to protest the calling of the prosecution witness who declined to testify, this argument, too, is unconvincing. The fact that trial counsel did not engage in an extensive dialogue at sentencing does not alter this conclusion. Judgment affirmed. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.