■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IRVING JONES, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Held, J.), rendered December 16, 1976, convicting him of robbery in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of defendant's motion to suppress identification testimony. Judgment affirmed. Defendant Irving Jones and codefendant Herbert Reid were convicted in connection with the armed robbery of a social club in Brooklyn. Guilt was established by overwhelming proof. We previously affirmed the codefendant's conviction without opinion (*People v Reid,* 66 AD2d 1034, mot for lv to app den 46 NY2d 921 [Wachtler, J.]) and while we similarly find no basis for reversal on this appeal, there are contentions raised which warrant brief comment. We find no error in the denial of the motion to suppress the identification testimony of one of the victims. The initial selection of defendant's photograph from well over 100 photographs, which resulted in a positive identification, was not tainted by police suggestion and, in any event, the observations at the time of the robbery constituted an independent source for the in-court identification (cf. *People v Alexander,* 88 AD2d 749). Nor were the People required to give notice, pursuant to CPL 710.30, after the victim had viewed the defendant at a hearing in Criminal Court, as that hearing did not constitute an identification procedure within the intendment of the notice statute (see CPL 710.20, subd 6; *People v Tas,* 51 NY2d 915; *People v Dukes,* 97 AD2d 445). Defendant's claim that the trial court should have stricken all of the victim's testimony from the record, after he invoked the privilege against self incrimination and refused to answer questions regarding his own possession of weapons, is similarly without merit. While a defendant is deprived of his constitutional right of confrontation when a witness asserts a blanket claim of the privilege against self incrimination upon cross-examination (*People v Schneider,* 36 NY2d 708, revg on dissenting opn at 44 AD2d 845), the confrontation clause is

not offended when, as here, the unanswered question is completely collateral, relating solely to the credibility of the witness, and not at all to the subject matter of the direct examination (see *People v Allen,* 50 NY2d 898, affg 67 AD2d 558, 561; *United States v Cardillo,* 316 F2d 606, cert den 375 US 822; *Coil v United States,* 343 F2d 573, cert den 382 US 821; *Fountain v United States,* 384 F2d 624, 627-628, cert den 390 US 1005; McCormick, Evidence [2d ed], § 140, pp 297-298; cf. *People v Acomb,* 87 AD2d 1, 7-8; *People v Farruggia,* 77 AD2d 447, 451-452). To the extent that *People v Kelly* (48 AD2d 802) and *People v Rivera* (106 Misc 2d 110) may be to the contrary, we decline to follow them. Defendant's other arguments have been carefully considered and we find them to be either unpreserved or lacking in merit. Titone, J. P., Lazer, Mangano and Thompson, JJ., concur.