■ In the Matter of JEFFREY GISIN, Appellant, v DEPARTMENT OF PUBLIC SAFETY, BUREAU OF POLICE, CITY OF MOUNT VERNON, et al., Respondents. — "Appeal" pursuant to section 120 of the Charter of the City of Mount Vernon (L 1922, ch 490, § 120) from a determination of the Commissioner of the Department of Public Safety of the City of Mount Vernon, dated April 13, 1983, which found appellant guilty of certain violations of departmental rules and regulations and terminated his employment as a police officer. ¶ Determination affirmed, without costs or disbursements. ¶ We have reviewed the record and find substantial evidence to support the determination of the respondent commissioner that appellant possessed and used cocaine at a police facility and that he failed to report the sale and possession of cocaine by a fellow officer. Issues of credibility are for the respondent commissioner to resolve, appellant received a fair hearing, and the penalty of dismissal is not so shocking as to warrant judicial interference (see *Matter of Young v Board of Educ.,* 100 AD2d 515). ¶ Moreover, although the witness against appellant asserted a Fifth Amendment claim of the privilege against self incrimination, inasmuch as the claim related to collateral matters there was no infringement of a right to confrontation on cross-examination (see *Matter of Young v Board of Educ., supra; People v Jones,* 99 AD2d 471; *People v Allen,* 67 AD2d 558, 561, affd on opn of Presiding Justice Mollen, 50 NY2d 898; cf. *Matter of Brown v Ristich,* 36 NY2d 183). Titone, J. P., Lazer, Mangano and O'Connor, JJ., concur.