■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD LYDE, Appellant. — Appeal by defendant from a judgment of the County Court, Westchester County (Cowhey, J.), rendered March 8, 1982, convicting him of robbery in the first degree (three counts), robbery in the second degree, assault in the first degree, assault in the second degree, criminal possession of a weapon in the second degree (two counts) and criminal use of a firearm in the first degree (two counts), upon a jury verdict, and imposing sentence.

Judgment affirmed.

The record reveals that defense counsel waived any objection to the admission of testimony regarding the pretrial photographic identifications, as well as to the photographs themselves, after he opened the door to this subject during cross-examination of the prosecution witnesses (*People v Shannon,* 92 AD2d 554; *People v McCullars,* 89 AD2d 669; *People v Bunch,* 58 AD2d 608).

Defendant had the right to waive his presence at the preliminary hearing where he was subsequently identified by a witness (*People v James,* 100 AD2d 552). Having been denied this right, he was entitled to seek suppression of the identification at a

*Wade* hearing and it was error to summarily deny suppression (*People v James, supra*). Nevertheless, only one of the complaining witnesses was present at the preliminary hearing and the identification testimony of the other witness not present was not affected by the procedures at the hearing. Additionally, an independent source for the in-court identifications made by both witnesses was clearly established at trial. Under the circumstances of the case, including the clear opportunities of the victims to observe the defendant at the scene, the error was harmless.

We have considered the other contentions of defendant and find them to be without merit. Lazer, J. P., Brown, Boyers and Eiber, JJ., concur.