THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT MAGAZINE, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Chetta, J.), rendered November 3, 1980, convicting him of four counts of robbery in the first degree and two counts of robbery in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

At 1:45 A.M., while on their way home from a date, the two complaining witnesses were robbed at gun point by two individuals. After the robbers had fled, the complainants rode through the neighborhood with the police in search of the perpetrators. About 25 minutes later, the defendant, who was seated on a park bench some five to six blocks from where the robbery took place, was identified by the complainants as one of the individuals who had robbed them. He was thereupon arrested.

Prior to trial, the defendant moved to suppress the prospective in-court identifications of him on the ground that they were tainted by the showup which he argued was suggestive. A *Wade* hearing was thereupon conducted, following which the court denied the motion. When the matter eventually came on for trial some six months later, the prosecutor stated for the first time that he intended to refer in his opening statement to not only the

complaining witnesses' identifications of defendant at the park bench showup at the time of his arrest, but also at both the preliminary hearing conducted shortly after the defendant's arrest and at a *Wade* hearing. Following defense counsel's objection that such references would improperly bolster the complaining witnesses' identification of the defendant, the court ruled that the prosecutor would be permitted to comment only to the extent of stating that the complaining witnesses had identified the defendant following the incident in question.

After the opening statements, the prosecutor requested that he be permitted to inquire of the complaining witnesses during his direct case as to whether they had identified defendant at two prior court proceedings. Defense counsel objected upon the ground that the People had failed to provide notice of their intention to introduce such identification testimony at trial as required by CPL 710.30. Although the People had served a notice pursuant to that section, it referred only to an intention to offer testimony regarding the showup at the time of the defendant's arrest; it did not relate to the identifications at the two court hearings. Alternatively, the defendant argued that if the court were to rule that the People were not precluded from offering said identification testimony by their failure to provide notice, then he was entitled to a further *Wade* hearing to contest the admissibility of the testimony and he requested a one-day adjournment to prepare for this new *Wade* hearing.

Criminal Term ruled that since testimony regarding the identifications made at the prior court proceedings was admissible pursuant to CPL 60.30, these identifications were subject to challenge as being suggestive. Nonetheless, the court held that, under the circumstances of this case, defendant was not entitled to another *Wade* hearing. The court noted that it itself had presided at the prior *Wade* hearing, that it had been conducted fairly and that the complaining witnesses' identifications of defendant at that hearing had been based upon their independent observations of him at the time of the commission of the crime. With respect to the identification of the defendant at the preliminary hearing, Criminal Term stated that it had reviewed the minutes of the preliminary hearing — at which it did not preside and at which defendant had been represented by different counsel — and it concluded that it had also been fairly conducted. The court did, however, grant a one-day adjournment to defendant so that he and his counsel could consult with the defendant's original attorney to determine if any impermissible suggestive conduct had occurred at the preliminary hearing. The court immediately ruled, however, that the People would be permitted to elicit testimony from the complaining witnesses

regarding their identifications of defendant at the pretrial hearings. Following the adjournment for the purpose noted above, the trial resumed, apparently without any further application by defendant to suppress the identifications made at the pretrial proceedings.

On appeal, defendant argues that the People should have been precluded from offering testimony regarding the identifications made at the two pretrial hearings since they had failed to provide the requisite notice under CPL 710.30 or, at the very least, that the court should have conducted a hearing to determine whether those identifications were the result of suggestive procedures. The People counter that the notice requirements of CPL 710.30 are inapplicable to identifications made at pretrial hearings. Moreover, they contend that even if the notice requirements are applicable to such identification testimony, defendant failed to advance a legal basis to justify a hearing on his motion.

CPL 710.30 (subd 1, par [b]) provides that whenever the People intend to offer at trial: "testimony regarding an observation of the defendant either at the time or place of the commission of the offense or upon some other occasion relevant to the case, to be given by a witness who has previously identified him as such, they must serve upon the defendant a notice of such intention, specifying the evidence intended to be offered". Moreover, it is clear that for the purposes of CPL 60.30, a witness who has identified a defendant at a pretrial hearing may testify at trial as to that identification, in addition to making an identification of defendant as the individual he saw on the incriminating occasion, and that such identification constitutes evidence-in-chief.

This court has held on several occasions that where the People intend to offer, as evidence-in-chief, testimony regarding a previous in-court identification of the defendant, the notice requirements of CPL 710.30 apply just the same as when the testimony relates to an extra-judicial identification (*People v James,* 100 AD2d 552; *People v Cruz,* 88 AD2d 621; *People v Johnson,* 54 AD2d 586). Although, as is pointed out by our concurring colleague, a contrary position was seemingly taken in *People v Jones* (99 AD2d 471), we would adhere to the more recent pronouncement of the court in *People v James* (*supra*). Thus, to the extent that it is to the contrary, *People v Jones* (*supra*), is overruled. While it is true that the principal context in which a motion to suppress an identification arises involves overly suggestive, police-arranged lineups or showups (*People v Gissendanner,* 48 NY2d 543), as this court pointed out in *People v James* (100 AD2d 552, 553, *supra*), a judicial hearing itself may

also be conducted in a highly suggestive manner (see, also, *People v Huggler,* 50 AD2d 471). The spectre of *Wade* hearing upon *Wade* hearing being conducted *ad infinitum* fades when one considers that the defendant is required to come forward in the first instance with more than simply a conclusory allegation that the identification resulted from some suggestive conduct (CPL 710.20, 710.60). The occasions on which such a hearing will be required may be rare, but that does not provide a basis in either law or logic for precluding such hearing in the first instance, or for relieving the People of the obligation to inform the defendant of their intent to introduce such identification at trial (*People v James, supra*).

Thus, in the case at bar, the People should have notified defendant prior to trial of their intention to offer testimony relating to the identifications made at the two pretrial hearings and he should have been afforded an opportunity to raise the issue of their suggestiveness. Such failure does not, however, warrant reversal in the instant case for a number of reasons. First, notwithstanding defendant's failure to specify any suggestive conduct at either pretrial hearing, the court recollected the proceedings at the *Wade* hearing, over which it had itself presided, and concluded that no improper conduct had occurred thereat. The court also reviewed the minutes of the preliminary hearing and found no indication of any improper conduct at that proceeding. Further, the court granted defense counsel an adjournment for the specific purpose of determining whether, from the defendant's point of view, any suggestive conduct had occurred at the preliminary hearing. While perhaps the court should have refrained from ruling on the issue until after defense counsel had had an opportunity to investigate, we can see no harm on this record, since defendant failed to come forward at any point thereafter with any factual allegations which might have indicated the existence of suggestive conduct. Moreover, if we were to assume that it was error to have allowed the People to introduce the testimony as to the identifications at the two pretrial hearings, in light of the other strong identification testimony in this record, we would find such error to be harmless.

We have examined defendant's remaining contentions and find them to be without merit. Weinstein, Brown and Boyers, JJ., concur.

Thompson, J. P. (concurring). I am in agreement with the conclusion of the Justices in the majority that the judgment of conviction should be affirmed, but I am at variance with their reasoning. I believe that when a witness testifies at trial that he

has previously identified the perpetrator of a crime at a preliminary felony hearing or a *Wade* hearing (CPL 60.30), prior notice to the defense that such testimony will be elicited at the trial is not required by the dictates of CPL 710.30 (subd 1) because such testimony does not constitute "testimony regarding an observation of the defendant * * * upon some other occasion relevant to the case". Although this court has previously reached conflicting conclusions on this issue (see *People v Jones,* 99 AD2d 471; but see *People v James,* 100 AD2d 552; *People v Cruz,* 88 AD2d 621), I believe that the legislative history of CPL 710.30 and the salutary purpose to be served by the provision are consistent with a conclusion that no notice is required.

In *People v Gissendanner* (48 NY2d 543, 552) the Court of Appeals stated with regard to CPL 710.30: "The statute was apparently a legislative response to the problem of suggestive and misleading pretrial identification procedures treated by the Supreme Court in *Gilbert v California* (388 US 263), *United States v Wade* (388 US 218) and *Stovall v Denno* (388 US 293). The focus of those decisions was on in-court identifications *predicated on earlier police-arranged confrontations between a defendant and an eyewitness, typically involving the use of lineups, showups or photographs, for the purpose of establishing the identity of the criminal actor* (see Levine & Tapp, Psychology of Criminal Identification: The Gap from *Wade* to *Kirby,* 121 U of Pa L Rev 1079, 1086 *et seq.*)" (emphasis supplied). Case law has consistently focused on the applicability of CPL 710.30 to police-arranged confrontations used for the purpose of establishing the identity of a criminal actor (*People v Tas,* 51 NY2d 915; *People v Berkowitz,* 50 NY2d 333, 338, n 1; *People v Jones,* 99 AD2d 471, *supra; People v Dukes,* 97 AD2d 445; *Matter of Leo T.,* 87 AD2d 297). A felony hearing, however, is directed towards determining whether there is sufficient evidence to warrant further criminal proceedings. A *Wade* hearing (*United States v Wade,* 388 US 218) is utilized to determine whether a previous identification was tainted by undue suggestiveness. Neither proceeding involves a police-arranged confrontation for the purpose of establishing the identity of the criminal actor, and so the requirement of CPL 710.30 notice is inapplicable.

This analysis is consistent with the salutary purpose underlying CPL 710.30. In Professor Richard Denzer's Practice Commentary to CPL 710.30 (McKinney's Cons Laws of NY, Book 11A, CPL 710.30, pp 282-283) he notes:

"Since the defendant ordinarily knows before trial that property constituting potential evidence against him has been seized from his premises or possession, no requirement of notice with

respect to that type of evidence was required under the Criminal Code (§§ 813-c to 813-e), and none is required here.

"Although it is likely that the defendant will be aware of the People's intention to use a pre-trial confession or statement made by him, and also that there is a prospective trial witness who has made a pre-trial identification of him, requirements of notice to those effects are nevertheless postulated by virtue of a reasonable possibility of unawareness in some such situations (subd 1)".

In the context of police-arranged lineups, showups and photographic identification procedures, the rationale of a concern about a "reasonable possibility of unawareness in some * * * situations" applies. At a *Wade* hearing and at a preliminary felony hearing, however, the defendant will be *represented by counsel* (*United States v Wade,* 388 US 218, *supra; Moore v Illinois,* 434 US 220), and thus there will be an unavoidable awareness that an identification has taken place within these contexts. There is also an ability to challenge the suggestive nature of any identification which may occur at a preliminary hearing or *Wade* hearing at the hearings themselves. Accordingly, there is no need to apply CPL 710.30 requirements to *Wade* hearings and preliminary felony hearings.

As a final point, it should also be noted that if a defendant is entitled to a new hearing to determine the suggestiveness of the previous *Wade* hearing, it could become theoretically possible to require an indeterminate number of hearings to determine the suggestiveness of the previous hearing.

For the reasons stated, the judgment of conviction should be affirmed.