■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH CODRINGTON, Appellant. — Appeal by defendant from a judgment of the County Court, Rockland County (Miller, J.), rendered December 2, 1982, convicting him of murder in the second degree, robbery in the first degree (three counts), and robbery in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

We find that, viewing the evidence in the light most favorable to the People, defendant's guilt was proven beyond a reasonable doubt (*People v Malizia,* 62 NY2d 755, *cert denied* __ US __, 105 S Ct 327; *People v Contes,* 60 NY2d 620; *People v Benzinger,* 36 NY2d 29). Two eyewitnesses identified defendant as the man who entered the Farmer's Best Market in Sloatsburg, Rockland County, after one of the other perpetrators shot and killed one Guiseppe Inturrisi. Another eyewitness saw defendant outside of the market for 2 or 3 minutes and saw his face for 1 to 1½ minutes. Based on this and other evidence, which corroborates the testimony of defendant's alleged accomplice as required by CPL 60.22, defendant's guilt was proven beyond a reasonable doubt.

Defendant was not denied his right to confront witnesses when his alleged accomplice invoked his 5th Amendment right not to incriminate himself. The questions which resulted in the invocation of the 5th Amendment were addressed to matters collateral to the evidence in the case, to wit, whether he was involved in other robberies, and reflected only on the accomplice's credibility (*see, Matter of Gisin v Department of Public Safety,* 102 AD2d 891; *People v Jones,* 99 AD2d 471, 472; *People v Allen,* 67 AD2d 558, 561, *affd* 50 NY2d 898 on the opn of Presiding Justice Mollen at the App Div; *but see, People v Kelly,* 48 AD2d 802; *People v Rivera,* 106 Misc 2d 110). Defendant's claim that reversible error was committed when the prosecutor asked a defendant's witness whether he and defendant were involved in another robbery and commented during his summation on defendant's failure to testify are without merit. The trial

court's prompt curative instructions minimized any possible errors and, with respect to the comment on summation that "[n]o alibi was proffered on behalf of the defendant", a reading of that comment in context indicates that it was directed to the testimony of the defense witness, William Carrothers, and was not intended to refer to defendant's failure to testify. We note that the identification testimony of Nunzio Inturrisi, Jr. was properly admitted into evidence, since it was based on the independent observations of the witness during the incident, and not based on the suggestions of other witnesses to the incident (cf. People v Moore, 96 AD2d 1044). Defendant's other contentions have been considered and are without merit. Mangano, J. P., Brown, Rubin and Lawrence, JJ., concur.