◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES TOWNSEND, Appellant.—Appeal by the defendant from three judgments of the Supreme Court, Queens County (Balbach, J.), all rendered February 14, 1985, convicting him of sexual abuse in the first degree, criminal possession of a weapon in the fourth degree, and public lewdness under indictment No. 1863/84, robbery in the first degree (two counts), and robbery in the second degree (two counts), under indictment No. 1864/84, and robbery in the first degree, sexual abuse in the first degree, and criminal possession of a weapon in the fourth degree under indictment No. 1865/84, upon jury verdicts, and imposing sentences. The appeals brings up for review the denial (Lawrence, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgments are affirmed.

We agree with the defendant that his application to waive his presence at the *Wade* hearing should have been granted *(see, People v Epps,* 37 NY2d 343, *cert denied* 423 US 999;

*People v Lyde,* 104 AD2d 957; *People v James,* 100 AD2d 552). However, it was clearly established at the hearing that there were independent sources for the identifications of the defendant made by the eyewitnesses, all of whom had an opportunity to view him at close range under good lighting conditions for at least several minutes. In addition, these witnesses identified the defendant in a lineup as the assailant. Under the circumstances, the failure of the hearing court to grant the defendant's application was harmless *(see, People v Lyde, supra).* The defendant's remaining arguments with respect to the lineup and photographic identification procedures conducted by the police lack merit *(see, People v Norris,* 122 AD2d 82, *appeal denied* 68 NY2d 916; *People v Jerome,* 111 AD2d 874, *appeal denied* 66 NY2d 764; *People v Hernandez,* 122 AD2d 856, *appeal denied* 69 NY2d 712).

The identification charge given by the trial court was in all respects proper *(see, People v Whalen,* 59 NY2d 273). The defendant's other contentions with respect to the trial are either unpreserved for appellate review or lacking in merit.

We find no reason to disturb the sentences imposed upon the defendant in view of his violent criminal history, the seriousness of the crimes he has committed and his unfavorable probation report. Bracken, J. P., Brown, Niehoff and Kooper, JJ., concur.