■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES DOWD, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered January 7, 1986, convicting him of robbery in the first degree, robbery in the second degree, attempted robbery in the first degree, and attempted robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Zelman, J.), of that branch of the defendant's omnibus motion which was to suppress certain identification evidence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (5).

Contrary to the defendant's contention, the lineup viewed by one of the complainants "contained stand-ins who were similar to the defendant in build, complexion, hairstyle and attire" *(People v Harris,* 113 AD2d 649, 650). Thus, it cannot be said this identification procedure was suggestive *(see, People v Gairy,* 116 AD2d 733).

Moreover, the two complaining witnesses testified without hesitation or contradiction that the defendant, who was 1 of 2 perpetrators, approached them on a well-lit street, pointed a handgun at the eye of one of them, and demanded and was given the leather jacket worn by that complainant. The perpetrators fled when they were told by the complainants that they had no money to give them. Shortly thereafter, both complainants furnished accurate descriptions of the defendant to the police. One complainant viewed a lineup several weeks later and immediately identified the defendant. At the trial, the identification testimony and credibility of the two complainants were not impeached in any way on cross-examination.

Under the circumstances of this case, we cannot say that the trial court abused its discretion by declining to instruct the jury that an unfavorable inference could be drawn from the People's decision not to call a third witness to the robbery, the son of one of the complainants, who was only 11 years old at the time of the crime. Although this child may have been knowledgeable about the identity of the defendant as one of the robbers, further corroboration of the complainants' unequivocal testimony was not crucial and would have been

merely cumulative *(cf., People v Gonzalez,* 68 NY2d 424, 430). Niehoff, J. P., Weinstein, Kunzeman and Spatt, JJ., concur.