■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRYANT RAINES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered February 7, 1984, convicting him of robbery in the first degree and assault in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Vinik, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant contends, inter alia, that the photo array identification by the complainant was impermissibly suggestive. We disagree. The six-photograph array displayed to the complainant was constitutionally appropriate inasmuch as the defendant's picture did not contain any distinctive characteristics (see, People v Garcia, 115 AD2d 617, 618, lv denied 67 NY2d 883; People v Rolston, 109 AD2d 854, 855). Additionally, the complainant's identification of the defendant at the felony hearing was not an unduly suggestive procedure. The evidence revealed that the complainant surveyed the entire courtroom

prior to selecting the defendant. The defendant had the opportunity to waive his appearance for the purpose of the hearing as he did for the *Wade* hearing *(see,* CPL 180.60 [2]; *People v Cummings,* 109 AD2d 748; *People v Lyde,* 104 AD2d 957; *People v James,* 100 AD2d 552). Moreover, we agree with the Supreme Court that the complainant had an independent source for his in-court identification of the defendant *(see, Neil v Biggers,* 409 US 188, 199-200; *Manson v Brathwaite,* 432 US 98, 114).

The defendant's claim that identification was not proven beyond a reasonable doubt is without merit. Upon the exercise of our factual review power, we are satisfied that the evidence established the defendant's identity as one of the perpetrators beyond a reasonable doubt and that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We have examined the defendant's remaining contentions, including that the sentence was excessive, and conclude that they are either unpreserved for appellate review or without merit. Mollen, P. J., Lawrence, Weinstein and Kooper, JJ., concur.