■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES DABBS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Nastasi, J.), rendered April 10, 1984, convicting him of rape in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Colabella, J.) without a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

It is clear that a defendant may waive his presence at a felony hearing or move for suppression of an identification which occurred at a felony hearing *(see, People v Cummings,* 109 AD2d 748; *People v James,* 100 AD2d 552). However, inasmuch as no issue existed as to identification since the complainant knew the defendant and, indeed, identified him to the police by name *(see, People v Tas,* 51 NY2d 915; *People v Gissendanner,* 48 NY2d 543) and the complainant did not testify at the trial regarding her identification of the defendant at the felony hearing, any error in the hearing court's denial of the defendant's requests to absent himself from the felony hearing and in the denial of that branch of the defendant's omnibus motion which was for suppression of the identification made at the felony hearing was harmless *(see, People v James, supra).*

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

We have considered the remainder of the defendant's contentions, including those asserted in the supplemental *pro se* brief, and find them to be either unpreserved for our review or without merit. Lawrence, J. P., Kunzeman, Kooper and Harwood, JJ., concur.