■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LLOYD MILLS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miller, J.), rendered May 9, 1985, convicting him of robbery in the first degree (two counts), and robbery in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

At the conclusion of the complaining witness' testimony, both during the *Wade* hearing and thereafter at trial, the defense counsel asked that the prosecution be directed to turn over the Data Analysis Sheet (hereinafter DAS) contained in its case file. The court, after reviewing the document in camera, found that it contained only the conclusions of the Assistant District Attorney who prepared the DAS and that it contained no witnesses' statements. Accordingly, the court refused to require that the DAS be provided to the defense counsel. The defendant now argues that the failure to provide him with a copy of the DAS deprived him of his right to effectively cross-examine the complaining witness. We disagree.

While it is true that a defendant has a right to inspect the prior statements of a prosecution witness, regardless of whether or not they vary from the trial or hearing testimony *(see, People v Ranghelle,* 69 NY2d 56), the record here discloses that there were no prior statements of any witnesses which were withheld by the prosecutor.

The Court of Appeals stated in *People v Poole* (48 NY2d 144, 149) that "the representation of a prosecutor, as an officer of the court, ought generally to suffice to determine the threshold issue of whether or not any prior statements of a witness exist". Where, however, "a defendant can articulate a factual basis for the assertion that a prosecutor is improperly denying

the existence of prior statements * * * of the witness", the court indicated that the proper course is for the Trial Judge to examine the questioned document in camera *(People v Poole, supra,* at 149). It was emphasized, however, that in no instance was the defendant to be permitted unrestricted access to the prosecutor's file in an expedition for information. At bar, the court followed the procedure recommended in *People v Poole (supra),* and we find no basis for setting aside its conclusion that the DAS contained no statements of witnesses. An examination of the DAS clearly shows that it merely sets forth the factual details of the crime, without attributing the source of its information to any particular individual. The court was justified in relying upon the representations of the prosecutor that the DAS did not consist of witnesses' statements but was merely a synopsis written after all interviews were conducted *(see, People v Poole, supra).* This case is readily distinguishable from *People v Wright* (135 AD2d 594) where the record establishes that the DAS was prepared during the course of an interview of the arresting officer, who testified as a prosecution witness, and contained a prior statement of that witness.

Similarly unavailing is defendant's claim that the court erred in denying suppression of the identification testimony. The record supports the hearing court's findings that neither the photographic array nor lineup procedures were unduly suggestive *(see, People v Raines,* 135 AD2d 842, *lv denied* 71 NY2d 901; *People v Dowd,* 134 AD2d 275).

Viewing the evidence in the light most favorable to the People, as we must *(see, People v Contes,* 60 NY2d 620), we find that it is legally sufficient to support the defendant's conviction of the crimes charged. Moreover, upon the exercise of our factual review power we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We have examined the defendant's remaining contentions and find them to be without merit. Mangano, J. P., Brown, Lawrence and Sullivan, JJ., concur.