■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL PEREZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered July 2, 1986, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In front of several witnesses, the defendant shot Benedicto Muniz Jr. and, along with Antonio Calderane, stole money from the mortally wounded victim. The defendant claims on appeal, *inter alia,* that he was deprived of a fair trial because the court failed to provide him with the assistance of a Spanish interpreter throughout the proceedings. The record reveals, however, that the defendant's command of the English language was quite good and, furthermore, that a Spanish interpreter was immediately provided to him on the one occasion he requested one.

The defendant also claims in his *pro se* supplemental brief that he was deprived of the effective assistance of trial counsel on various grounds, none of which we find persuasive. For example, the defendant cites his trial attorney's failure to request an alibi charge; however, such a charge was given by the court *sua sponte.* He further cites his trial attorney's failure to move to strike a witness's direct testimony because the witness asserted his privilege against self-incrimination and refused to answer certain questions put to him on cross-examination. However, since the witness's refusal concerned a collateral matter relating solely to credibility and not the subject of his direct testimony, a motion to strike would have been properly denied *(see People v Allen,* 50 NY2d 898; *People*

*v Jones,* 99 AD2d 471). The defense counsel's performance in this case wherein the proof of the defendant's guilt was overwhelming was well within the standard of meaningful assistance set forth in *People v Baldi* (54 NY2d 137).

The remaining contentions asserted by appellate counsel and by the defendant *pro se* are either without merit or unpreserved for review as a matter of law and do not warrant review under our interest of justice jurisdiction. Lawrence, J. P., Rubin, Balletta and Rosenblatt, JJ., concur.