■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY REID, Appellant. [841 NYS2d 457]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lewis, J.), rendered November 10, 2004, convicting him of criminal possession of a weapon in the second degree (three counts), criminal possession of a weapon in the third degree (three counts), criminal possession of stolen property in the third degree, criminal possession of stolen property in the fourth degree, and tampering with physical evidence, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that the prosecutor improperly cross-examined a defense witness about his failure to inform the police or the District Attorney's office, prior to trial, of exculpatory evidence is without merit. The prosecutor laid the proper foundation pursuant to *People v Dawson* (50 NY2d 311 [1980]) before questioning the defense witness.

The court's prompt curative instructions rendered harmless any possible impropriety occasioned by the prosecutor's questioning of a defense witness as to his reason for invoking

his Fifth Amendment privilege against self-incrimination (*see People v Tafur*, 174 AD2d 642 [1991]; *People v Codrington*, 109 AD2d 891, 891-892 [1985]; *see also People v Crimmins*, 36 NY2d 230 [1975]). Schmidt, J.P., Santucci, Krausman and McCarthy, JJ., concur.