■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BYRON BELLE, Also Known as BYRON BELLS, Appellant. [977 NYS2d 916]—

The defendant's contention that the prosecutor improperly cross-examined a defense witness with respect to that witness's failure to come forward at an earlier date is without merit. The prosecutor established a proper foundation pursuant to *People v Dawson* (50 NY2d 311 [1980]) before questioning that witness (*see People v Bryan*, 55 AD3d 921 [2008]; *People v Reid*, 43 AD3d 1087 [2007]). The defendant's contention that the Supreme Court should have directed the prosecutor to cease questioning that witness with respect to that testimony once that witness explained why he did not come forward sooner is without merit. The defendant's further contention regarding that witness's testimony is unpreserved for appellate review (*see* CPL 470.05 [2]; *cf. People v Stewart*, 172 AD2d 862 [1991]), and we decline to review it in the exercise of our interest of justice jurisdiction.

The defendant's contention that the prosecutor made improper comments on summation is unpreserved for appellate review, since defense counsel did not object to the comments the defendant now challenges on appeal (*see People v Romero*, 7 NY3d 911, 912 [2006]; *People v Bajana*, 82 AD3d 1111, 1112 [2011]).

Defense counsel's failure to object to the challenged summation comments did not deprive the defendant of the effective assistance of counsel (*see People v Taylor*, 1 NY3d 174 [2003]; *People v Brooks*, 89 AD3d 746, 747 [2011]; *People v Bajana*, 82 AD3d at 1112).

To the extent the defendant challenges the Supreme Court's instruction with respect to the justification defense, he did not request a different or supplemental charge, and did not object to the court's charge as given. Thus, his challenge is unpreserved for appellate review (*see People v Henry*, 306 AD2d 539, 539-540 [2003]), and we decline to review it in the exercise of our interest of justice jurisdiction. Skelos, J.P., Dillon, Dickerson and Austin, JJ., concur.