■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE GRANT, Appellant. [59 NYS3d 433]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered September 4, 2013, convicting him of robbery in the second degree and assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to support his conviction of robbery in the second degree (Penal Law § 160.10 [2] [a]) is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19 [1995]; *People v Terranova*, 147 AD3d 1086, 1086 [2017]). In any event, viewing the evidence in the light most favorable to

the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Perez*, 132 AD3d 911, 912 [2015]; *People v Jaen*, 116 AD3d 975, 975 [2014]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 643 [2006]).

The defendant contends that the Supreme Court improperly denied his request to listen to the recordings of telephone calls he made from Rikers Island before transcripts of the recordings were used to impeach his testimony on cross-examination. Contrary to the defendant's contention, the defense was not entitled to the prosecution's impeachment material until after it was used to impeach the defendant on cross-examination (*see People v Lindsay*, 131 AD3d 625, 626 [2015]; *People v Parchment*, 92 AD3d 699, 700 [2012]; *People v Gladden*, 72 AD2d 568, 569 [1979]).

The defendant's contention that his right to due process was violated by the prosecutor's misconduct on summation is unpreserved for appellate review (*see* CPL 470.05 [2]), as the defendant failed to object, request curative instructions, or timely move for a mistrial (*see People v Dunning*, 148 AD3d 1047, 1048 [2017]), and we decline to review the contention in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [3] [c]; [6]; *People v Jones*, 139 AD3d 878, 880 [2016]; *People v Ellis*, 133 AD3d 777, 778 [2015]; *People v Belle*, 113 AD3d 630, 631 [2014]).

The defendant's challenge to the Supreme Court's instructions to the jury is also unpreserved for appellate review, since he failed to request specific instructions or object to the court's charge as given (*see* CPL 470.05 [2]; *People v Cruz*, 96 NY2d 857, 858 [2001]; *People v Bradford*, 137 AD3d 928, 929 [2016]). Under the circumstances, we decline to review this contention in the exercise of our interest of justice jurisdiction (*see People v Addison*, 107 AD3d 730, 731-732 [2013]; *People v Jones*, 103 AD3d 753, 754 [2013]).

The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record,

and, thus, constitutes a "mixed claim" of ineffective assistance (*People v Maxwell*, 89 AD3d 1108, 1109 [2011]; *see People v Evans*, 16 NY3d 571, 575 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*see People v Ockrey*, 142 AD3d 511, 511 [2016]). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Maxwell*, 89 AD3d at 1109). Chambers, J.P., Miller, Duffy and Connolly, JJ., concur.