People v Morris (2018 NY Slip Op 00315)





People v Morris


2018 NY Slip Op 00315


Decided on January 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2010-04839
 (Ind. No. 4336/08)

[*1]The People of the State of New York, respondent,
v
Deshaun Morris, appellant.


Paul Skip Laisure, New York, NY (Erica Horwitz of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Keith Dolan of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Albert Tomei, J.), rendered May 12, 2010, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of murder in the second degree (see Penal Law § 125.25[1]) beyond a reasonable doubt (see People v Hale, 147 AD3d 975; People v Leddy, 47 AD3d 842). Additionally, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPLR 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 643-644). 
The defendant's contention that his right to due process was violated by alleged prosecutorial misconduct on summation is unpreserved for appellate review (see CPL 470.05[2]), as the defendant failed to object, request curative instructions, or timely move for a mistrial (see People v Dunning, 148 AD3d 1047, 1048), and we decline to review the contention in the exercise of our interest of justice jurisdiction (see CPL 470.15[3][c]; [6]; People v Grant, 152 AD3d 792, 793; People v Jones, 139 AD3d 878, 880; People v Ellis, 133 AD3d 777, 778; People v Belle, 113 AD3d 630, 631).
The Supreme Court properly denied the defendant's motion for a mistrial (see People v Pleasant, 146 AD3d 985, 986).
CHAMBERS, J.P., COHEN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court