People v Bass (2018 NY Slip Op 06252)





People v Bass


2018 NY Slip Op 06252


Decided on September 26, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SANDRA L. SGROI
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2015-11462
 (Ind. No. 3316/13)

[*1]The People of the State of New York, respondent,
v
Michael Bass, appellant.


Paul Skip Laisure, New York, NY (David L. Goodwin of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Kathryn E. Mullen of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Stephen A. Knopf, J.), rendered October 27, 2015, convicting him of unauthorized use of a vehicle in the second degree and petit larceny, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was charged, inter alia, with unauthorized use of a vehicle in the second degree and petit larceny. The charges were based upon allegations that the defendant was found inside a truck by its owner, that the defendant was stealing a circular saw that was stored in a container inside the truck's cab, and that the defendant and the complainant struggled once the defendant was discovered. After a jury trial, the defendant was convicted of unauthorized use of a vehicle in the second degree and petit larceny.
The defendant's contention that the Supreme Court failed to follow the appropriate steps in determining his Batson challenge (see Batson v Kentucky, 476 US 79) is unpreserved for appellate review (see People v Wallace, 128 AD3d 866, 868; People v Cunningham, 119 AD3d 601; People v James, 99 NY2d 264, 272). In any event, the contention is without merit, since once the prosecutor set forth race-neutral reasons for the peremptory strike, the defendant failed to meet his burden of establishing that those reasons were pretextual (see People v Hecker, 15 NY3d 625, 663-664; People v Smocum, 99 NY2d 418, 423-424; People v Drayton-Archer, 159 AD3d 919).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of unauthorized use of a vehicle in the second degree and petit larceny beyond a reasonable doubt (see Penal Law §§ 155.25, 165.06; People v Franov, 17 NY3d 58, 64). Moreover, upon our independent review pursuant to CPL 470.15(5), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 643).
The defendant's contention that certain comments made by the prosecutor on summation deprived him of a fair trial is unpreserved for appellate review, as the defendant either failed to object, raised only generalized objections, failed to request curative instructions or [*2]additional relief, or failed to timely move for a mistrial (see CPL 470.05[2]; People v Morris, 157 AD3d 827; People v Grant, 152 AD3d 792; People v McMillan, 130 AD3d 651, affd 29 NY3d 145). In any event, the challenged comments constituted either fair response to arguments presented in summation by defense counsel, fair comment on the evidence and the reasonable inferences to be drawn therefrom (see People v Monteleone, 71 AD3d 790; People v Crawford, 54 AD3d 961), or were sufficiently ameliorated by the Supreme Court's instructions (see People v Daley, 50 AD3d 1051).
The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit.
MASTRO, J.P., SGROI, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court