People v McNeil (2019 NY Slip Op 07611)





People v McNeil


2019 NY Slip Op 07611


Decided on October 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-03853
 (Ind. No. 421/14)

[*1]The People of the State of New York, respondent, 
v
Floyd McNeil, appellant.


Thomas J. Butler, Melville, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Kevin C. King and Jared A. Chester of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Jerald S. Carter, J.), rendered March 23, 2017, convicting him of robbery in the first degree (two counts), criminal possession of a weapon in the second degree, and robbery in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant contends that the evidence was legally insufficient to support his convictions because the prosecution failed to establish his identity as the perpetrator of the robbery and related crimes. Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's identity as the perpetrator of the crimes of which he was convicted beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348-349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that he was deprived of his right to a fair trial as a result of purported improper remarks made by the prosecutor during summation is unpreserved for appellate review. The defendant either raised only generalized objections, failed to request curative instructions or additional relief when the trial court sustained objections or provided curative instructions, or failed to timely move for a mistrial (see CPL 470.05[2]; People v Morris, 157 AD3d 827; People v Grant, 152 AD3d 792; People v McMillan, 130 AD3d 651). In any event, the challenged remarks were either fair response to arguments presented in summation by defense counsel, or fair comment on the evidence and the reasonable inferences to be drawn therefrom (see People v Monteleone, 71 AD3d 790; People v Crawford, 54 AD3d 961). To the extent that some of the prosecutor's remarks were improper, those remarks did not deprive the defendant of a fair trial, and any other error in this regard was harmless (see People v Crimmins, 36 NY2d 230; People v Bragg, 161 AD3d 998, 999).
MASTRO, J.P., BALKIN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court