■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK MULLINS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hellenbrand, J.), rendered August 31, 1981, convicting him of robbery in the first degree, assault in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

There is no merit to the defendant's challenge to the prosecutor's questioning of the defendant's eyewitnesses with respect to their failure to provide law enforcement authorities with exculpatory information prior to the trial. Although no foundation was laid (see, People v Dawson, 50 NY2d 311, 321) and no bench conference called (see, People v Dawson, supra, at p 325) prior to the challenged line of questioning, witness Blakely clearly indicated to the court and to the jury that she did not go to the police because she believed that her efforts to exonerate the defendant would be futile (see, People v Dawson, supra, at p 322). The defendant was not prejudiced by the prosecutor's inquiry. The defendant's challenges to the prosecutor's questioning of witness Brinson and to the prosecutor's summation are without merit (People v Wilson, 105 AD2d 815).

The defendant also challenges the adequacy of the trial court's charge on defense witnesses' pretrial silence. However, the charge was an accurate statement of the law (People v Dawson, supra). The omission of the various reasons a witness might remain silent (People v Dawson, supra, at p 321) was not error (see, People v Whalen, 59 NY2d 273). Mangano, J. P., Gibbons, Lawrence and Kunzeman, JJ., concur.