■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v O'NEIL KITT, Also Known as O'NEILL KITT, Also Known as ONEAL KITT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cohen, J.), rendered September 3, 1985, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At trial, the defendant produced a witness who testified that he was present at the time of the defendant's arrest, and had witnessed the events immediately preceding that arrest. This witness testified that he had seen an unidentified Rastafarian discard the weapon which defendant was subsequently charged with possessing. The prosecutor cross-examined this witness as to his failure to report this exculpatory information to the authorities at any time prior to trial. The defendant now claims that such cross-examination was conducted in violation of the rules set forth in *People v Dawson* (50 NY2d 311), and that reversal is therefore required. We disagree.

Defense counsel, when he originally objected to this portion

of cross-examination, stated that the basis for such objection was the fact that the witness was under no duty to report anything. The Court of Appeals, in the *Dawson* case *(supra,* at p 324), noted that such a limited objection was not sufficient by itself to preserve a claim that the safeguards announced in that case had not been observed. Moreover, the Court of Appeals, in *Dawson (supra,* at p 322), expressly noted that a limiting instruction need be given only "upon request". There was no such request in this case. Furthermore, at the conclusion of the bench conference held in connection with his objection, defense counsel remarked "stupid question, but go ahead". Under these circumstances, the defendant waived any objection he may have had pursuant to *People v Dawson (supra).* Even if this objection were reviewable as a matter of law, we would find that since this witness offered an explanation as to his failure to come forward earlier, i.e., his fear of the anonymous Rastafarian, any *Dawson* error which might have occurred would be harmless *(see, People v Mullins,* 118 AD2d 737).

We have examined the defendant's remaining contentions and find that any other error or instance of prosecutorial misconduct is either unpreserved for appellate review or harmless *(see, People v Crimmins,* 36 NY2d 230). Thompson, J. P., Weinstein, Eiber and Spatt, JJ., concur.