■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLIE MCGRATH, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (O'Dwyer, J.), rendered August 28, 1986, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's conviction of the crime of assault in the second degree arose out of an incident which occurred during the early morning hours of September 21, 1985. The complainant testified that the defendant hit him on the head with a beer bottle while his back was turned.

A witness for the defense, one Mitchell Lewis, who observed the incident, gave a different, and exculpatory version of the incident. During cross-examination of this witness, the prosecutor asked, over objection, why the witness had not related this version of the incident to the police immediately after the incident occurred.

On the instant appeal, the defendant argues, *inter alia,* that the prosecutor failed to lay a proper foundation for this cross-examination, as required by *People v Dawson* (50 NY2d 311).

Reversal of the defendant's judgment of conviction is not warranted on this ground. The record indicates that the defense counsel's objection at trial to this cross-examination was based on the ground that the prosecutor was "arguing with the witness" and was not based on any violation of the principles enunciated in *People v Dawson (supra).* In *People v Kitt* (126 AD2d 669, 670), this court stated: "The Court of Appeals, in the *Dawson* case *(supra,* at p 324) noted that * * * a limited objection was not sufficient by itself to preserve a claim that the safeguards announced in that case had not been observed". Accordingly, the defendant's argument on this issue has not been preserved for appellate review. In any event, the defendant's argument must be rejected on the merits. There was no need for the People to lay a formal foundation, as required by *People v Dawson (supra,* at 321), prior to the cross-examination of Lewis, since he was an alleged eyewitness to the incident, who allegedly remained at the scene until the police and an ambulance arrived.

We have examined defendant's remaining arguments and find them to be either without merit *(see, People v Sandoval,* 34 NY2d 371; *People v Batista,* 113 AD2d 890), or unpreserved

for appellate review. Mangano, J. P., Brown, Lawrence and Sullivan, JJ., concur.