■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADRELL WILLIAMS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Cohen, J.), rendered August 23, 1982, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find that the trial court properly denied the defendant's application for the admission of 911 telephone call records into evidence since the defendant failed to demonstrate that the statements contained in the records had been made by one

who was under a duty to impart them *(see,* CPLR 4518; *Johnson v Lutz,* 253 NY 124; *Matter of Leon RR,* 48 NY2d 117).

The defendant's contention that the prosecutor failed to lay a proper foundation for his cross-examination of witnesses Melborne Duncan and Lloyd Hilton, as required by *People v Dawson* (50 NY2d 311), has not been preserved for appellate review *(see, People v McGrath,* 136 AD2d 658; *People v Kitt,* 126 AD2d 669, *lv denied* 69 NY2d 1005). The defendant's limited objections as to the form of the questions posed were insufficient to preserve a claim that the safeguards announced in *Dawson* had not been observed *(see, People v Kitt, supra).* We reject the defendant's contention that the trial court's earlier *Dawson* ruling, which pertained solely to the cross-examination of the defendant's mother, effectively precluded further objections to the cross-examination of Duncan and Hilton as to their failure to come forward to the authorities with their exculpatory information.

By failing to raise an objection at trial the defendant has not preserved for appellate review his contention that the rebuttal testimony of Kenneth Stern was improperly admitted into evidence *(see,* CPL 470.05 [2]). Moreover, we note that defense counsel rejected a suggestion by the trial court that the parties stipulate to the striking of the rebuttal testimony.

We find that the sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80, 85-86).

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Mollen, P. J., Kunzeman, Rubin and Balletta, JJ., concur.