■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY HAYNES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Greenberg, J.), rendered November 18, 1987, convicting him of burglary

in the first degree, burglary in the second degree, robbery in the first degree (two counts), robbery in the second degree (two counts), endangering the welfare of a child (three counts), criminal possession of stolen property in the fifth degree, sodomy in the first degree, attempted sodomy in the first degree and sexual abuse in the first degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find no merit to the defendant's contention that he was prejudiced by the court's refusal to give a "missing witness" charge with respect to the People's failure to call the complainant's six-year-old son, the youngest of her three children, each of whom was present during the incident on which this prosecution is based and two of whom did testify. The defendant, who waited until the prosecution and the defense both rested before making a request for this charge, failed to make a threshold showing that this child, five years of age at the time of the commission of the crime, would have been in a position to provide material, noncumulative testimony. His untimely request was properly denied (see, People v Gonzalez, 68 NY2d 424; People v Waldron, 154 AD2d 635; People v Dowd, 134 AD2d 275).

Equally without merit is the defendant's argument that the court's charge regarding how to evaluate a witness's credibility was unbalanced. The trial court informed the jury that a witness has no moral or civic obligation to impart information to law enforcement officials and that they may consider a witness's silence only insofar as it affects his credibility (see, People v Dawson, 50 NY2d 311, 322; People v Mullins, 118 AD2d 737). Our review of the record reveals that the court did not unduly highlight the fact that a defense witness did not come forward before trial, and we note it commented upon prior inconsistent statements of the People's witnesses and the complainant's husband's criminal history as bearing on credibility.

We have examined the contentions raised in the defendant's supplemental pro se brief and conclude that they are either unpreserved for appellate review or without merit. Thompson, J. P., Kunzeman, Sullivan and Harwood, JJ., concur.