■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM ANTHONY WOODS, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant contends that the prosecutor violated CPL 240.20 (1) (f) by failing to comply with his demand for discovery and violated CPL 240.43 by cross-examining him regarding alleged uncharged drug dealing without providing him with notification.

On cross-examination defendant was asked whether certain handwritten notes, seized from his apartment during the execution of a search warrant, reflected his drug dealings. Defense counsel objected to the prosecutor's use of the notes on the ground that they had not previously been made available to him (see, CPL 240.20 [1] [f]). At the end of a lengthy bench conference, defense counsel stated, "[i]f [the prosecutor] doesn't attempt to introduce them into evidence, I think I will just sit back and let it go." No attempt was made to introduce the notes into evidence by the prosecution and no further objection was made by defense counsel. Under those circumstances defendant waived his objection based upon the People's failure to disclose the notes (see, People v Kitt, 126 AD2d 669, 670, lv denied 69 NY2d 1005; see also, People v White, 53 NY2d 721; People v Clark, 41 NY2d 612, 616, cert denied 434 US 864). Further, any error in permitting the prosecutor to use the notes was harmless (see, People v Crimmins, 36 NY2d 230, 240).

Defendant's contention that the prosecutor violated CPL 240.43 by failing to notify him that the notes would be used at trial for the purpose of impeaching his credibility is not preserved for our review (see, CPL 470.05 [2]). Defendant failed to request notification of specific instances of prior uncharged criminal conduct that the prosecutor intended to use at trial. (Appeal from Judgment of Monroe County Court, Marks, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Boomer, J. P., Green, Balio, Boehm and Fallon, JJ.