■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICIO KNOWELS, Appellant.—Judgment, Supreme Court, Bronx County (David Stadtmauer, J.), rendered November 20, 1990, convicting defendant, after a jury trial, of rape in the first degree, sodomy in the first degree (three counts), sexual abuse in the first degree (three counts), and sentencing him to four terms of 4 to 12 years for the rape and sodomy convictions and three terms of 1 to 3 years for the sexual abuse convictions, all sentences to run concurrently, unanimously modified, on the law, to the extent of vacating the conviction and sentence on count 7 charging sexual abuse in the first degree, and dismissing that count of the indictment, and otherwise affirmed.

The trial court did not abuse its discretion in refusing to give a missing witness charge with respect to the victim's 4½ year old son on the ground that, assuming the child was competent to testify, he "could not possibly engage in the sophisticated reasoning process required to draw any reasonable inference with respect to the issue of consent to sexual activity under the circumstances presented in this case." A missing witness charge should be given only where a witness is knowledgeable about a material issue in the case *(People v Gonzalez,* 68 NY2d 424, 428). The request to charge was also properly denied since the prosecutor stated that the child would be produced if the defense wished to call him *(see, People v Almodovar,* 62 NY2d 126, 133). We modify the judgment only because of the lack of proof as to the count of sexual abuse in the first degree in count 7 of the indictment. Concur—Murphy, P. J., Ellerin, Kupferman, Kassal and Rubin, JJ.