■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHANE KIRKBY, Appellant. [744 NYS2d 98] —Appeal from a judgment of Ontario County Court (Henry, Jr., J.), entered June 21, 2000, convicting defendant after a jury trial of, inter alia, sodomy in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by reversing that part convicting defendant of aggravated sexual abuse in the second degree, vacating the sentence imposed thereon and dismissing count three of the indictment and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of sodomy in the first degree (Penal Law former § 130.50 [3]) and aggravated sexual abuse in the second degree (§ 130.67 [1] [c]). Defendant was sentenced to concurrent determinate terms of incarceration, the longest of which is 16 years. Contrary to defendant's contention, the evidence is legally sufficient to support the conviction of sodomy. Defendant's letters of apology to the three-year-old victim and the victim's mother, in which defendant admitted that his penis entered the victim's anus (*see generally People v Froats,* 163 AD2d 906, 906-907, *lv denied* 76 NY2d 940), were received in evidence and thus were before the jury. Defendant's admissions in those letters were corroborated by the testimony of the victim's mother that she discovered blood on the victim's bed sheets and by the medical testimony regarding a scar on the victim's anus consistent with forced penetration (*see generally People v Lipsky,* 57 NY2d 560, 570-571, *rearg denied* 58 NY2d 824). We agree with defendant that County Court erred in admitting the testimony of the victim's mother that the victim had complained to her "that his hiney hurt" one week following contact with defendant. That testimony was not

admissible under the prompt complaint exception to the hearsay rule (*cf. People v Rodriguez,* 284 AD2d 952, *lv denied* 96 NY2d 924). The error is harmless, however, because the other evidence of guilt with respect to the sodomy count is overwhelming and there is no significant probability that defendant would have been acquitted but for the error (*see generally People v Crimmins,* 36 NY2d 230, 241-242).

We further agree with defendant that the evidence is legally insufficient to support the conviction of sexual abuse based on a different alleged act. The only evidence presented with respect to that crime was the testimony of an investigator that defendant admitted to him that "I may have slept [*sic*] walked into his room and I may have poked him with my finger." There was no corroboration of that admission (*see* CPL 60.50; *People v Booden,* 69 NY2d 185, 187), and thus we modify the judgment by reversing that part convicting defendant of aggravated sexual abuse in the second degree, vacating the sentence imposed thereon and dismissing count three of the indictment.

We reject defendant's contention that County Court erred in refusing to give a missing witness charge based on the victim's failure to testify. A five-year-old child cannot be said to be knowledgeable about a material issue in a case (*see People v Knowels,* 187 AD2d 361, *lv denied* 81 NY2d 842). The sentence is not unduly harsh or severe. We have reviewed defendant's remaining contention and conclude that it is without merit. Present—Green, J.P., Hayes, Hurlbutt, Burns and Gorski, JJ.