■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT MOORE, Appellant. [839 NYS2d 767]—

Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Rooney, J.), rendered July 22, 2004, convicting him of rape in the first degree (four counts), sodomy in the first degree (two counts), sexual abuse in the first degree (two counts), unlawful imprisonment in the first degree (two counts), assault in the second degree (five counts), assault in the third degree (five counts), criminal possession of a weapon in the third degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Rienzi, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally

sufficient to establish the defendant's guilt of the crimes charged beyond a reasonable doubt. Moreover, resolution of issues of credibility is primarily a matter to be determined by the jury, which saw and heard the witnesses, and its determination should be afforded great deference on appeal (see People v Romero, 7 NY3d 633, 644-645 [2006]; People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]). Upon the exercise of our factual review power (see CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, supra at 643-644).

The defendant's contention that the Supreme Court erred in refusing to give a missing witness charge based on the People's failure to call the five-year-old son of the complainant to testify is without merit. "Witnesses under the age of 12 are presumptively incompetent to testify in criminal cases" (People v Rose, 223 AD2d 607, 608 [1996] [internal quotation marks omitted]) and, furthermore, "[a] five-year-old child cannot be said to be knowledgeable about a material issue in a case" (People v Kirkby, 295 AD2d 929, 930 [2002]; see People v Fenske, 298 AD2d 951 [2002]; People v Knowels, 187 AD2d 361 [1992]; see also People v Haynes, 175 AD2d 138, 139 [1991]).

The defendant's contention, raised in his supplemental pro se brief, relating to an alleged inaccuracy contained in an affidavit in support of a search warrant, is without merit.

The defendant's remaining contentions are unpreserved for appellate review (see CPL 470.05 [2]). Prudenti, P.J., Santucci, Covello and Carni, JJ., concur.